[Civ. No. 53079. Second Dist., Div. Four. Feb. 15, 1979.]

NANCY B. BROWN, Plaintiff and Appellant, v.
JOHNNIE ALVIN ENGSTROM et al., Defendants and Respondents.

**COUNSEL**

Levy, Koszdin, Goldschmid & Sroloff and Thomas G. Wianecki for Plaintiff and Appellant.

Lester W. Miller and Timothy H. Rowe for Defendants and Respondents.

---

**OPINION**

**JEFFERSON (Bernard), J.**—This is an appeal by plaintiff from a judgment of dismissal following the granting of defendants' motion for dismissal under Code of Civil Procedure section 583, subdivision (b). On August 2, 1972, plaintiff filed an action against defendants for damages for injuries suffered in an automobile accident. An answer to the complaint was filed on February 19, 1974. Trial of the action was set for October 26, 1976. A mandatory settlement conference was held on October 4, 1976. At this conference the parties agreed to submit the matter to arbitration. On October 7, 1976, the parties entered into a written stipulation that the case would be referred to arbitration under the California Rules of Court.

The authorization for judicial arbitration is provided by Code of Civil Procedure section 1141.10. This section provides that, upon stipulation of the parties, any cause in the superior court may be decided through arbitration procedures in accordance with Judicial Council rules. Pursuant to the authority provided in Code of Civil Procedure section 1141.10, rules 1601 through 1616 of the California Rules of Court were adopted by the Judicial Council, effective July 1, 1976.

Under rule 1602(d), upon the filing of a stipulation for arbitration, the action is suspended from the civil active list and placed on the arbitration hearing list, with the provision that, thereafter, "no . . . trial shall be made until the conclusion of arbitration proceedings and the timely filing of a request for trial." Pursuant to rule 1602 (d), the trial date of the case before us was vacated and the case was taken off the civil active list. Under rule 1605, after a case is placed on the arbitration hearing list, the selection of an arbitrator should be completed within a period of approximately 40 days. Under rule 1611, the hearing is to be scheduled by the arbitrator "to take place not sooner than 20 days, nor later than 60 days from the date of the assignment of the case to the arbitrator." Under rule 1615, the arbitrator is required to file his award with the clerk within 10 days after the conclusion of the arbitration hearing. If the judicial arbitration rules are followed, it thus appears that the arbitration of a particular case will have been completed within approximately *four*

months after the parties have entered into a stipulation for arbitration of the case.

It is to be noted that, as of the date the parties executed a written stipulation for arbitration, there remained almost *ten* months before the expiration of five years from the date of filing of plaintiff's action.

Although the parties executed their stipulation for arbitration on October 7, 1976, it was not until May 20, 1977, that the arbitration administrator notified the parties of the selection of arbitrators. From the list of arbitrators, one person was finally selected as an arbitrator. Shortly thereafter, this arbitrator disqualified himself and the parties, by stipulation, on July 27, 1977, agreed to the selection of Mr. Herbert Heistand to be the substitute arbitrator. On July 27, 1977, defendants' counsel was notified by telephone that the arbitrator would conduct a hearing the next day, on July 28, 1977. On July 28, 1977, the arbitrator conducted a hearing which he called "a trial." But there was no appearance by counsel for the defendants; the plaintiff testified briefly regarding the accident. Plaintiff's counsel then moved to suspend the trial of the action, and the arbitrator announced that the hearing would be rescheduled for a new date. A new date was scheduled for September 30, 1977, but the arbitrator did not appear, as he had not been properly notified. On October 11, 1977, defendants filed their notice of motion to dismiss the action pursuant to the provisions of Code of Civil Procedure section 583, subdivision (b). The motion was heard on October 20, 1977, and granted. A judgment of dismissal was signed by the court on November 7, 1977.

In seeking a reversal of the judgment of dismissal, plaintiff makes the following contentions: (1) that plaintiff had brought her case to trial within five years following the filing of the action, which precluded any dismissal pursuant to Code of Civil Procedure section 583, subdivision (b); and (2) that it was an abuse of discretion for the trial judge to grant defendants' dismissal motion because plaintiff's case came within a judicially created exception to section 583, subdivision (b).

I

Code of Civil Procedure section 583, subdivision (b), requires an action to be dismissed "unless such action is brought to trial within five years after the plaintiff has filed his action, . . ." (Code Civ. Proc., § 583, subd. (b).) If a case is brought to trial prior to the expiration of the five-year period, Code of Civil Procedure section 583, subdivision (b), has no

application and cannot be used as authority for a dismissal of the action thereafter.

In the case before us, the five-year period for bringing plaintiff's action to trial expired on August 2, 1977. It is plaintiff's contention that the hearing before the arbitrator on July 28, 1977, constituted a trial and, hence, precluded defendants from obtaining a dismissal under section 583, subdivision (b).

It is plaintiff's thesis that, within the meaning of Code of Civil Procedure section 583, subdivision (b), the action was *brought to trial* by virtue of the hearing in the arbitration proceedings. For this view, plaintiff cites *Murray Oil Products Co.* v. *Mitsui & Co.* (2d Cir. 1944) 146 F.2d 381, 383, in which the court remarked: "Arbitration is merely a form of trial, to be adopted in the action itself, in place of the trial at common law: . . ." In the *Murray* case, the issue revolved around the effects of an award in a completed arbitration upon an attachment of defendant's property secured upon the filing of the action and prior to the arbitration proceedings. The *Murray* case, therefore, is not helpful on the issue of whether a *hearing* in arbitration proceedings constitutes bringing the matter to trial on the date of the hearing when an issue arises as to whether a case has been brought to trial within five years of the filing of the action so as to preclude dismissal under Code of Civil Procedure section 583, subdivision (b), for the failure of a plaintiff to bring an action to trial within the requisite five year period.

The rule of law is clear that, if an action is brought to trial before the expiration of the five-year period, section 583 has been satisfied and cannot be relied upon to sustain a dismissal of a plaintiff's action. The critical question concerns the meaning of "trial" for the purpose of determining whether an action has been brought to trial. "[I]t has been said generally in defining a trial that it is the determination of an issue of law or fact; . . ." (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8].) ██ It has also been said that "[a] 'trial' within the meaning of section 583 is the determination of an issue of law or fact which brings the action to the stage where final disposition can be made." (*King* v. *State of California* (1970) 11 Cal.App.3d 307, 310 [89 Cal.Rptr. 715].)

██ "A *partial* trial of an action will take the case out of the operation of section 583." (*Berri, supra,* 43 Cal.2d 856, 861.) (Italics added.) But this does not mean that an issue of law or fact must be finally decided in order for a case to have been "brought to trial" within the meaning of section

583, subdivision (b). A partial trial does not mean the complete trial of a single issue. A partial trial occurs if there is a *beginning* of a trial. Thus, in *Mercantile Invest. Co. v. Superior Court* (1933) 218 Cal. 770 [25 P.2d 12], a trial was commenced, then the parties agreed to a continuance to permit plaintiff to amend his complaint to include a new defendant. The court held that the case had been brought to trial within the five-year period to preclude the mandatory provisions of section 583 from being applicable.

Plaintiff points out that the taking of some testimony from just one witness is sufficient to constitute a partial trial and vitiate the mandatory dismissal requirements of section 583, subdivision (b). (*Miller & Lux, Inc. v. Superior Court* (1923) 192 Cal. 333, 342 [219 P. 1006]; *Kosturos* v. *Municipal Court* (1942) 51 Cal.App.2d 700 [125 P.2d 572].) In *City of Los Angeles* v. *Superior Court* (1940) 15 Cal.2d 16, 21 [98 P.2d 207], the court quoted the following language with approval: " 'We are satisfied that these partial hearings were sufficient to take the case out of the statute though it may be conceded that, aside from the documentary evidence received, the proceedings may not have contributed materially to a final determination of the issues because of the subsequent rejection of the referee's report. In *Mercantile Investment Co.* v. *Superior Court,* 218 Cal. 770 [25 Pac. (2d) 12], . . . it was held that when a case had been partially tried within the five-year period the statute would not require a dismissal. In *Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333, 342 [219 Pac. 1006], it was suggested that plaintiff could have avoided the statute by merely having one witness sworn before a continuance was granted beyond the five-year period. Upon these authorities the trial court properly denied the motion to dismiss."

In the case before us, we do have the situation of one witness being called at the hearing before the arbitrator. Although, under normal circumstances, this is sufficient to constitute a partial trial within the five-year period to take an action out of the operation of Code of Civil Procedure section 583, subdivision (b), it cannot be given this effect here because the taking of testimony occurred as part of an arbitration proceeding.

Rule 1602 (e), of the California Rules of Court, provides that "[t]he filing of a stipulation or election for arbitration does not extend the 5-year period referred to in Code of Civil Procedure section 583(b) unless the parties expressly stipulate otherwise in writing." Even if an arbitration hearing may be considered a "trial," rule 1602 (e), precludes an interpretation that such a trial will toll the running of the five-year period under Code of Civil Procedure section 583, subdivision (b).

Although, in its literal language, rule 1602 (e), applies only to the effect of the *filing* of a stipulation for arbitration, it must be interpreted to also include *subsequent proceedings* conducted under the arbitration rules. ■ An "arbitration hearing" cannot be considered as a "trial" within the meaning of Code of Civil Procedure section 583, subdivision (b), in light of the objectives and legislative intent embodied in the provisions for judicial arbitration authorized by Code of Civil Procedure section 1141.10. Under the authority granted by section 1141.10, the Judicial Council rules did not eliminate the right of a party to still have a trial in the superior court in the event of dissatisfaction with an arbitration award. Thus, rule 1616 of the California Rules of Court provides that, within 20 days after an arbitration award, any party is entitled to reject the award and obtain a trial in the superior court. Upon such a request the case must be restored to the civil active list for prompt disposition and the case must be tried as though no arbitration proceedings had occurred. Because of the provisions of rule 1616, an "arbitration hearing" cannot be considered a "trial" which leads to a final disposition of law or fact involved in the action.

Our interpretation of rule 1602 (e), of the California Rules of Court comports with the obvious objective that a party may not use the judicial arbitration process as a means of avoiding the legislative purpose embodied in Code of Civil Procedure section 583, subdivision (b), of requiring a mandatory dismissal of an action if it is not brought to trial within five years from the filing of the action. Plaintiff's suggested interpretation that an arbitration hearing should be considered a "trial" within the meaning of Code of Civil Procedure section 583, subdivision (b), would enable a party to avoid the five-year rule by submitting his case to arbitration, and then, after an arbitration hearing and award, obtain a superior court trial which could well be subsequent to the expiration of the five-year period set forth in Code of Civil Procedure section 583, subdivision (b).

Since we hold that an arbitration hearing, conducted pursuant to the judicial arbitration rules for civil cases, does *not* constitute a trial within the meaning of Code of Civil Procedure section 583, subdivision (b), we need not consider the effect of the failure of the substitute arbitrator to give the defendants 15 days notice prior to the date set for an arbitration hearing, as required by rule 1611 of the California Rules of Court.

## II

Plaintiff also contends that the dismissal of her action was inappropriate and invalid because of the exception to the mandatory dismissal requirements of Code of Civil Procedure section 583, subdivision (b), for the situation in which it is impossible, impracticable, or futile to bring the action to trial within the requisite five-year period.

In spite of the fact that section 583, subdivision (b), contains only one exception—a written stipulation of the parties to extend the five-year period—nevertheless, the appellate courts "have established decisionally certain implied exceptions where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period. [Citations.]" (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].)

There are no definitive guidelines to determine when the implied exception for impossibility, impracticability or futility comes into play. "Whether it is impossible, impracticable or futile to proceed to trial must be determined in the light of the circumstances in each case." (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12].)

"A broad range of factors has been recognized as giving rise to impossibility, impracticability or futility in proceeding to trial within the five-year period. On the one hand there is the policy that the law favors disposing of litigation on the merits rather than on procedural grounds [citation]; on the other, there is the burden imposed on the plaintiff of exercising diligence in proceeding to trial. [Citations.]" (*Crown Coach Corp., supra,* 8 Cal.3d 540, 547-548; fn. omitted.)

Plaintiff suggests that her action falls under the impossibility, impracticability or futility exception, similar to that found in *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682 [91 Cal.Rptr. 908]. In *Nail,* plaintiff's malpractice action was set for trial approximately four years after the filing of the action. On the day of the trial, plaintiff exercised a challenge to the trial judge, pursuant to Code of Civil Procedure section 170.6, upon learning of the judge's relationships with one of the defendants. A substantial delay thereafter occurred because of the failure of the court to reset the matter for trial before a different judge. The five-year period expired and defendant's motion for dismissal, made pursuant to Code of Civil Procedure section 583, subdivision (b), was granted. The *Nail* court held that the dismissal of plaintiff's action had resulted in a miscarriage of

justice. The court emphasized that discovery proceedings were completed, a pretrial conference had been held, and the trial was scheduled to commence long before the expiration of the five-year period.

In rejecting defendant's argument that plaintiff's attorney had failed to meet the responsibility of an attorney to bring his case to trial, the *Nail* court observed: "We are not persuaded by this argument. While ordinarily it is the responsibility of the attorney to see that his case is brought to trial within the time limits prescribed by law, this is not an ordinary situation. As we have seen, all pretrial proceedings were completed, and the trial was scheduled to commence long before the expiration of the five-year period. . . . Consequently, plaintiff's counsel was entitled to assume that official duty would be performed, and although his failure to make any inquiry until almost 11 months later is not commendable, it is at least excusable. When all of the circumstances are weighed and considered, counsel's neglect was not of the magnitude to require a forfeiture of his client's rights." (*Nail, supra,* 13 Cal.App.3d 682, 687-688.)

In *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361], a plaintiff sought to have the trial court set his case for trial 28 days after making his motion in order to have the trial start within a few days of the expiration of the five-year period from the filing of the action. The trial court refused, on the ground of court congestion, with the result that plaintiff's action was dismissed pursuant to section 583, subdivision (b). In holding that the trial court's action constituted an abuse of discretion, the *Weeks* court stated: "It is monstrous to foreclose a litigant's substantial rights because of the inconvenience incident to providing a courtroom. Fault and delay may be ground for dismissal; but court congestion is no reason to preempt one's day in court when there is a reasonable time to provide it." (*Id.,* at p. 807.)

It is true that judicial recognition has been given to the principle that the implied exceptions to the five-year period for bringing a case to trial do not contemplate " 'that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. [Citation.]" (*Crown Coach Corp., supra,* 8 Cal.3d 540, 548), and that " 'the duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination.' " (*Id.,* at p. 548.) However, there exists the

overriding principle that " '[C]ourts exist primarily to afford a forum for the settlement of litigable matters between disputing parties. Over a long and bitter history this peaceful method of adjudication has replaced other and primitive, and indeed physical, means of resolution. [Citation.] To deny the forum upon the ground that one or the other party has sacrificed it because the procedure has itself been too slow does not appeal to a mature sense of justice. Only the most compelling reasons would support a surrender of this necessary and valued right of resolution for any such cause.' [Citation.] The harshness upon plaintiffs who are seldom personally responsible for delays in our system of representative litigation is manifest." (*Weeks, supra,* 68 Cal.2d 802, 806-807.)

In the case at bench we hold that the circumstances established that it was impossible and impracticable for plaintiff to proceed with the trial of her case within the five-year period from the date of its filing and that the trial court, therefore, committed an abuse of discretion in granting defendants' motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (b). It is undisputed that the action was set for trial on October 26, 1976, a date well in advance of August 2, 1977, the expiration date of the five-year period from the filing of the action. The stipulation of the parties to submit the matter to judicial arbitration was executed on October 7, 1976, almost ten months prior to the expiration of the five-year period.

Once a stipulation for judicial arbitration has been executed and filed, a party may not withdraw from the arbitration proceedings. The rules for judicial arbitration for civil cases (Cal. Rules of Court, rules 1601-1616) make no provision for any party's withdrawal from such stipulation because of the failure of the arbitration proceeding to be conducted within the time limits set forth in the rules, which require completion within approximately four months from the date of the filing of the stipulation for arbitration. In the case before us, once the stipulation for arbitration had been filed, there was no action which plaintiff's counsel could take to have the arbitration terminated in time for plaintiff to seek a trial in the superior court as provided in rule 1616.

Plaintiff's situation in the case before us is very analogous to the cases of *Nail* and *Weeks*. In *Nail,* the delay in getting to trial was due to the failure of the court to perform the duties required of selecting a new trial judge to try the case. In *Weeks,* the failure to bring the case to trial was due to the arbitrary action of the court in requiring a motion for a trial setting to be made an arbitrary number of days before the trial date.

Thus, in the case before us, plaintiff had a right to rely upon the principle that official duty under the arbitration system would be performed as required by law. This was not done, and yet plaintiff was powerless to remove her case from the arbitration proceedings to the superior court and proceed to trial because there was no way for plaintiff to escape from the unexpectedly slow-moving arbitration procedures over which she had no control.

Defendants argue that delays that are incidental to the judicial arbitration procedures should be anticipated and should provide no redress to plaintiff, citing *Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745 [111 Cal.Rptr. 920]. But this delay principle cannot be applied to create injustice. (See *Nail* and *Weeks, supra.*) Had plaintiff been able to withdraw from the arbitration proceedings because of its malfunctioning, she could have brought her case to trial in the superior court and within a reasonable time prior to the expiration of the five-year period on August 2, 1977.

The critical point presented in the instant case—which precludes a dismissal under Code of Civil Procedure section 583 to prevent an injustice—is the fact that the arbitration administrator, over whom the plaintiff had no control, took an extraordinary amount of time to provide a list of prospective arbitrators. This extraordinary circumstance made it impossible for the parties to proceed with arbitration and impossible to conduct a trial within the time reasonably contemplated.

The judgment is reversed with instructions to the trial court to order the action to proceed under the judicial arbitration rules for civil cases as set forth in rules 1601 through 1616 of the California Rules of Court.

Files, P. J., and Kingsley, J., concurred.