[Civ. No. 58473. Second Dist., Div. Four. July 25, 1980.]

LEONARD M. ZINN et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
WILLIAM BORICK et al., Real Parties in Interest.

COUNSEL

Oria & Oria and Jeffrey K. Oria for Petitioners.

No appearance for Respondent.

Berman, Hanover & Krumm and Rickard M. Katz for Real Parties in Interest.

OPINION

WOODS, J.—This proceeding in mandate originated by petition filed February 4, 1980, challenging the respondent court's order of December 28, 1979, denying the motion of plaintiffs in the underlying civil action for sanctions upon the failure of defendants to appear at their noticed depositions. The subject depositions were noticed after the underlying action was removed from the civil calendar and assigned to

binding judicial arbitration upon stipulation of the parties 11 days prior to the date originally set for trial.

The respondent court denied plaintiffs' motion for sanctions upon the ground that California Rules of Court, rule 222, precluded discovery as a matter of right once the trial date was vacated and the case assigned to judicial arbitration.[1]

## I

The threshold issue presented is whether rule 222 operates to preclude a revival of full discovery rights where an action is assigned to judicial arbitration fewer than 30 days prior to the date set for trial. If this issue is determined in favor of plaintiff petitioners, a secondary issue arises as to the appropriateness of sanctions for the refusal of defendants to attend their depositions.

## II

The following material facts are not in dispute. The action was commenced February 10, 1978. At the trial setting conference on June 27, 1979, the action was set for trial for October 15, 1979. Defendants deposed the plaintiffs September 21, 1979. On October 4, 1979, at the mandatory pretrial conference the parties stipulated to submission of the action to binding judicial arbitration pursuant to California Rules of Court, rules 1600 to 1617. The trial date of October 15, 1979, was vacated and the parties stipulated to an arbitrator. No further stipulations are reflected by the minute order of October 4, 1979.[2]

The arbitration hearing was set originally for February 15, 1980, and was later continued.

On or about November 14, 1979, plaintiffs substituted new counsel of record and, on November 26, 1979, new counsel served defendants by

---

[1] No copy of the December 28, 1979, minute order or hearing transcript is provided, but the notice of ruling prepared by plaintiffs' counsel states that rule 222 was the basis of the respondent court's ruling. Defendants do not directly deny this assertion, and indirectly concede its correctness.

[2] Defendants allege that they were justified in their noncompliance due to a stipulation purportedly made between the parties at the mandatory settlement conference that no further discovery would be conducted if the case were submitted to arbitration. The existence of such a stipulation is denied by plaintiffs. Defendants offer no documentation or other proof that a waiver of further discovery was stipulated to by plaintiffs.

mail with notice of depositions pursuant to sections 2019, subdivision (a)(1) and (4) and 1010 of the Code of Civil Procedure, setting depositions for December 12, 1979.[3]

Upon receipt of defendants' letter of November 28, 1979, refusing attendance, plaintiffs moved for the sanction of entry of judgment in their favor or "such other lesser penalties as the court may deem just...." The motion was opposed.

Respondent court denied plaintiffs' motion on December 28, 1979, and plaintiffs' motion for reconsideration on January 24, 1980. No copy of the hearing transcripts was provided by the parties but the notice of ruling, prepared by plaintiffs, states that the denial was based exclusively upon rule 222 of the California Rules of Court.

This court stayed the underlying arbitration proceedings by order of May 15, 1980.

Defendants filed a return to the alternative writ issued May 19, 1980, by way of demurrer and answer.

### III

As a preliminary matter, defendants' return demurred to the petition on the ground that plaintiffs did not seek an order below compelling defendants' attendance at depositions, but instead sought only sanctions for defendants' willful refusal to appear. Defendants contend that when specific relief is not sought in the trial court, that relief may not be sought for the first time at the appellate level.

However, plaintiffs sought sanctions below upon the foundational assumption that they were entitled to depose defendants as a matter of right. Only after the respondent court interposed rule 222 as precluding such discovery did plaintiffs seek relief in this court to establish the

---

[3]Defendants dispute that the depositions were properly noticed and allege by declaration of Attorney Martin M. Berman that their failure to attend is ultimately excused on the basis that plaintiffs did not consult with defendants' counsel as to an agreeable date pursuant to Los Angeles Superior Court rule 321(f) and as defendants' counsel was in fact trailing for trial in another case from November 19, 1979, until trial actually commenced December 13, 1979.

The effectiveness of the notice given is irrelevant to the fundamental issue of plaintiffs' entitlement to depose defendants in December 1979, but is relevant as to the issue of sanctions for defendants' noncompliance.

foundational right to depose defendants. It would be anomalous to conclude that plaintiffs have no standing here to establish and enforce their right to depose because the trial court erroneously applied rule 222 to deny plaintiffs the greater relief of sanctions.

Plaintiffs sought the sanction of judgment in the respondent court or "such other lesser penalties as the court may deem just. . . ." The compulsion of defendants' attendance at their depositions easily qualifies as such a lesser penalty.

## IV

The Legislature added chapter 2.5 "Judicial Arbitration" to title 3 of part 3 of the Code of Civil Procedure (§§ 1141.10-1141.32) by Statutes of 1978, chapter 743, section 2, operative July 1, 1979. This chapter provides for judicial arbitration proceedings as an alternative to trial for "small civil claims." The provisions of chapter 2.5 specify which civil cases may be so assigned and wholly control actions that have been assigned to judicial arbitration, except to the extent that other provisions of the codes are made applicable by reference.

Section 1141.14 provides: "Notwithstanding any other provisions of law except the provisions of this chapter, the Judicial Council shall provide by rule for practice and procedure for all actions submitted to arbitration under this chapter. The Judicial Council rules shall provide for and conform with the provisions of this chapter."

In conformity with this authorization and direction, the Judicial Council amended, effective July 1, 1979, division 3 (rule 1600 et seq.) of title 4 of California Rules of Court, "Judicial Arbitration Rules for Civil Cases." Rule 1612, "Discovery," provides: "The parties to the arbitration shall have the right to take depositions and to obtain discovery, and to that end may exercise all of the same rights, remedies, and procedures, and shall be subject to all of the same duties, liabilities, and obligations as provided in Part 4, Title 3, Chapter 3 of the Code of Civil Procedure, except that all discovery shall be completed not later than 15 days prior to the date set for the arbitration hearing unless the court, upon a showing of good cause, makes an order granting an extension of time within which discovery must be completed." (Amended, eff. July 1, 1979.)

█ It is evident that rule 1612 was intended to define the discovery rights of parties once their civil actions are submitted to judicial arbitration.[4] Plaintiffs clearly were entitled to depose defendants in December 1979, which was more than 15 days prior to February 15, 1980, the date then set for the judicial arbitration hearing. Rule 222 was superseded by rule 1612 at the time the underlying action was ordered submitted to judicial arbitration.[5]

Although not necessary to the conclusion reached here, it is evident that rule 1612 provides for discovery of right up to 15 days prior to an original judicial hearing date or a continued hearing date, just as rule 222 provides for such discovery up to 30 days immediately preceding *"any* date set for the trial of the cases." (Italics added.) Section 1141.24 of the Code of Civil Procedure, precluding further discovery of right *after* entry of an arbitration award, is the only provision within sections 1141.14 to 1141.32 of that code or within the California Rules of Court, rules 1600 to 1617, other than rule 1612, that restricts discovery rights.

Defendants nevertheless contend that rule 1612 is inapplicable in the underlying action because the action was submitted to arbitration after the deadline for such submission as provided in section 1141.16, subdivision (a). Section 1141.16, subdivision (a) provides for holding of a conference to determine the qualification of an action for submission to judicial arbitration and then for submission of qualifying actions to arbitration. That section provides the conference shall be held no later than 90 days before trial, but that the conference date may be postponed upon motion for good cause. The record presented indicates that the underlying action was not submitted to judicial arbitration until 14 days before the date set for trial because the amount of a cross-complaint exceeded the statutory maximum for arbitration. At the mandatory settlement conference, 14 days before trial, the defendants stipulated to waive their claim on their cross-complaint exceeding the statutory maximum in order to have the entire action submitted to judicial arbitration. (Code Civ. Proc., § 1141.12, subd. (a).)

Since the parties stipulated to arbitration, California Rules of Court, Code of Civil Procedure section 1141.12 does not exclusively control.

---

[4]Judicial arbitration provisions within chapter 2.5 are mutually exclusive and independent of the arbitration provisions of title 9, of part 3 (commencing with § 1280) of the Code of Civil Procedure. (Code Civ. Proc., § 1141.30.)

[5]It appears that no reported case has yet addressed this point.

Rather, rule 1601(a) provides that the applicable deadline for submission to arbitration is 30 days before the date set for trial. Although the underlying action was submitted to judicial arbitration beyond the time specified by rule 1601(a), defendants voluntarily stipulated to that submission. They cannot now enjoy whatever benefits are provided to them under the arbitration provisions, which they sought by their "untimely" stipulation, and at the same time contend that plaintiffs are not entitled to the benefits of those provisions because the action was untimely submitted.

Defendants do not seek to remove the action from judicial arbitration and restore it to the active civil calendar. In fact, no provisions appear to provide for removal prior to entry of an arbitration award. (*Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513, 523 [152 Cal.Rptr. 628].)

The acknowledged purpose of discovery is to enable the fullest development of relevant information so litigants may present their most complete and favorable case at trial with minimal possibility of surprise by reason of ignorance. (See Louissel & Wally, Modern Cal. Discovery (2d ed. 1972) § 1.01, p. 1.) Discovery of right exists in active civil actions under rule 222 until 30 days immediately preceding "any date set for trial." (See Modern Cal. Discovery, *supra*, § 5.07.)

Defendants cite no cogent reason, nor is any apparent, why the favored right of discovery once barred by rule 222 as of 30 days before a trial date, is revived by that rule upon continuance of the trial date but is not similarly reinstated under rule 1612 upon the setting of a judicial arbitration hearing at an equally distant date.

If the parties wished to foreclose additional discovery upon submission to judicial arbitration, they should have so stipulated on the record. Absent a stipulation, discovery of right exists up to 15 days immediately preceding the date of arbitration.

V

The entitlement of plaintiffs to have deposed defendants as of December 1979 being determined, there remains the issue of sanctions. The respondent court is ordered to vacate its order of December 28, 1979, in Los Angeles Superior Court case No. NW C 63429 entitled Zinn v. Borick et al., and make a new order directing the defendants in

that action, William Borick and Linda Borick, to appear at their depositions at a time and place specified in the new order, and to determine what, if any, sanctions are appropriate.

Files, P. J., and Kingsley, J., concurred.