[Civ. No. 61491. Second Dist., Div. Two. June 9, 1981.]

INVICTA PLASTICS, U.S.A., LTD., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LEONARD MOSS, Real Party in Interest.

### COUNSEL

Pollock, Bloom & Dekom and Howard M. Frumes for Petitioner.

No appearance for Respondent.

Joseph Posner for Real Party in Interest.

### OPINION

**BEACH, J.**—Petition for writ of mandate.

BACKGROUND:

Real party in interest (Moss), plaintiff in the trial court, filed an action against his employer, petitioner here and defendant in the trial court, alleging wrongful discharge and breach of oral contract. Plaintiff filed an election to submit the cause to judicial arbitration. (Code Civ. Proc., § 1141.12, subd. (b)(ii) and rule 1600(b) Cal. Rules of Court.) He, at that time, "agree[d] that the arbitration award shall not exceed the total sum of $15,000." About seven months later, plaintiff's new counsel moved "for leave to file a second amended complaint and for withdrawal of the case from arbitration." Both motions were granted. Defendant petitions this court for writ of mandate to compel the superior court to vacate its order granting plaintiff's motion to withdraw from arbitration. We issued an alternative writ and heard the matter.

We are now of the opinion that the alternative writ was improvidently granted and therefore now discharge and vacate the alternative writ and deny the petition.

DISCUSSION:

There is little quarrel with the first three of petitioner's arguments, as general propositions of law. (1) Mandate is the appropriate means of relief if the superior court acted in excess of its jurisdiction or abused its discretion by permitting the case to be withdrawn from arbitration. (2) The policy of the law is to favor, encourage and where possible to resolve doubts in favor of the arbitrability of claims. (3) There is no basis for unilaterally withdrawing a case from judicial arbitration. This third point is not the case here. There was no independent "unilateral" action by the plaintiff in the trial court. Rather, there was a noticed motion made to the court. It was a request properly made, noticed, opposed and heard. It was after such hearing that the court gave permission for the withdrawal. The action was the court's. ■ Thus the matter is reduced to determining whether as claimed by petitioner in his fourth contention, the court acted arbitrarily and abused its discretion in granting the motion.

Obviously the integrity of the judicial process does not permit litigants to play fast and loose with legal procedures. Accordingly, in the absence of express authority giving a party the right to some change or amendment, a court should not permit a change sought by a party sole-

ly for the purpose of procedural advantage or leverage. On the other hand, the absence of an express statute or rule applicable to a given situation does not necessarily foreclose the trial court from allowing change where good reason is shown.

At bench, admittedly, plaintiff first sought the benefits of judicial arbitration requesting the matter be assigned thereto. He declared that the case was properly one for judicial arbitration (i.e., that the award would not exceed $15,000). Later he took the position that it was not suitable for judicial arbitration. While this seems a change of mind, we find nothing in the statute which forbids the removal of a cause back to the regular trial calendar merely because it was once assigned for judicial arbitration.

There is no specific statute or court rule which provides for how and when a case may be removed from judicial arbitration. On the other hand, subparagraph (f) of rule 1600.5, Rules of Court, provides that "Any action otherwise subject to arbitration that is found by the court to be not amenable to arbitration on the ground that arbitration would not reduce the probable time and expense necessary to resolve the litigation," is exempt from arbitration. This implies an authority and discretion in the trial court to determine an action is exempt. A corollary thereof is authority to remove a cause from the arbitration list or calendar once the finding is made that it would not be amenable thereto. The authority to make such a finding and to remove the cause is thus inferred from a specific rule, authorized by statute, and entrusted to the sound discretion of the trial court.

At bench the decision on the part of plaintiff to ask for more money by way of an amended complaint seeking in excess of the $15,000, and to accordingly remove the matter from arbitration was presented to the trial court after the request for assignment to judicial arbitration. Whether this was done upon a mere whim or a ruse to avoid the earlier choice or because of an honest belief in the existence of facts indicating the presence of a recently recognized cause of action, all as alleged here, was a question of fact for the trial court to determine. We are cited to no statutory authority which prohibits or prevents the presentation of such facts to the trial court with a request to amend the pleadings. Amendment of pleadings to conform to proof may in a proper case be allowed even after receipt of all evidence upon trial. Why not then allow such amendment to be made well before trial time? Such

amended pleading, or the allegations therein, may serve as the basis or part of the basis for the request for the removal of the case from arbitration. There appears to us no statutory or other legal reason prohibiting this.

As indicated earlier, judicial economy certainly frowns on mere change of mind upon the whim which results in a waste of the court's time and procedure. But here there is no irrevocable selection required by any rule or statute. Additionally, no good reason appears why the trial court should not have the discretion to decide whether the particular request is a mere stall, or misuse of the procedures available to the litigant. Admittedly, the law favors arbitration and contracts to arbitrate may be enforced. On the other hand, we are not dealing with an ordinary arbitration agreement here. We are considering here solely the matter of judicial arbitration.

In support of his claim of abuse of discretion, petitioner has cited no statutory, common law or other authority to us. Our independent research reveals no case which specifically holds that the trial court has no authority to decide upon proper application whether or not a case shall be removed from judicial arbitration after having been placed and designated for such treatment.

In connection with his earlier arguments and contentions that "there is no basis for unilateral withdrawal of a case from judicial arbitration," petitioner quotes language from *Brown* v. *Engstrom* (1979) 89 Cal. App.3d 513 [152 Cal.Rptr. 628]: "Once a stipulation for judicial arbitration has been executed and filed, a party may not withdraw from the arbitration proceedings. The rules for judicial arbitration for civil cases (Cal. Rules of Court, rules 1601-1616) make no provision for any party's withdrawal from such stipulation.... In the case before us, once the stipulation for arbitration had been filed, there was no action which plaintiff's counsel could take to have the arbitration terminated in time for plaintiff to seek a trial in the superior court as provided in rule 1616." (*Id.* at p. 523.)

But that case is, as are all of petitioner's cited cases, thoroughly distinguishable on completely different issues and factual settings. Moreover, in *Brown* v. *Engstrom, supra*, no such issue as here (the court's authority and discretion to determine the question under rule 1600.5(f)) was or could have been presented to the trial court or appel-

late court. Rule 1600.5(f) was adopted after the decision in *Brown* v. *Engstrom.* The other two cases cited by petitioner as reiterating the principle, *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650] and *Zinn* v. *Superior Court* (1980) 108 Cal. App.3d 583 [166 Cal.Rptr. 640], repeat the language of *Brown* v. *Engstrom* but do not hold or decide any such thing as the proposition which petitioner here advances and for which he cites the foregoing cases in support. No such issue existed in any of the cases. *Zinn* is especially inapposite because *Zinn* is the exact opposite of the case before us. The court there points out that the defendant did not seek to exempt the case from arbitration, citing *Brown* v. *Engstrom* in reasoning why the defendant there did not and could not have so moved. Again in *Zinn,* as in *Brown,* rule 1600.5(f) was not brought to the court's attention. It is not mentioned in the court's discussion. It was not in issue there.

The alternative writ is discharged and the petition for a writ of mandate is denied.

Roth, P. J., and Fleming, J., concurred.