[Civ. No. 1203. Fifth Dist. Dec. 18, 1970.]

WARNER NAIL, Plaintiff and Appellant, v.
RICHARD S. OSTERHOLM et al., Defendants and Respondents.

684

## Counsel

Raymond E. Bright for Plaintiff and Appellant.

Price, Martin & Crabtree and E. Dean Price for Defendants and Respondents.

## Opinion

**GARGANO, J.**—Plaintiff appeals from an order of dismissal entered pursuant to the provisions of section 583 of the Code of Civil Procedure for failure to bring his suit to trial within five years of filing.[1] He contends that the five-year period was tolled because the court failed promptly to reset the case for trial after plaintiff timely exercised a peremptory challenge pursuant to Code of Civil Procedure section 170.6. Briefly, under this section, if a challenge is timely exercised against the judge to whom a case is assigned for trial, by any of the litigants involved in the lawsuit, the trial must be reassigned to another judge of the court if one is available; if no judge of the court is available to try the case, the assignment of an outside judge must be made by the Chairman of the Judicial Council. However, to forestall unwarranted delays, a continuance may not be granted except for good cause or for the court's convenience; and if a continuance is granted, it must be on a day to day basis or for other limited periods, and the case "shall be re-

---

[1]See *Southern Pac. R.R. Co. v. Willett,* 216 Cal. 387, 390 [14 P.2d 526]; *Brunzell Constr. Co. of Nevada v. Wagner,* 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553].

assigned or transferred for trial . . . *as promptly as possible.*" (Italics added; Code Civ. Proc., § 170.6, subd. (4).)

The following facts are undisputed: On October 23, 1963, plaintiff filed a malpractice action against the defendants, Richard S. Osterholm, Perren L. Baker and Robert Burns. The pretrial conference was held on February 9, 1967, and a jury trial was set to commence a few months later.

On the day of the trial the Honorable Robert D. Carter, the judge to whom the case was assigned for trial, informed the lawyers that he was acquainted with Dr. Osterholm and that the doctor had treated his youngest son for a cleft foot. Plaintiff's attorney exercised a challenge pursuant to the provisions of section 170.6. The challenge was allowed.

When plaintiff's attorney exercised the challenge, prospective jurors were in the courtroom and both sides were ready to proceed. Judge Carter, therefore, attempted to transfer the case to another judge of the court, and when he discovered that none was available told the lawyers, "the case will have to go off and we'll have to get an outside judge assigned through the Judicial Counsel [*sic*] to hear this case." Afterward, the judge returned to the courtroom and dismissed the jury without taking the case off calendar.

In May 1968, plaintiff's counsel asked the court clerk why the case was not reassigned a trial date. He was told that a memorandum to set was necessary. The memorandum dated May 28, 1968, was filed two weeks later. The clerk then arranged for another pretrial conference, but the conference was dropped when he discovered that it was not necessary. Thereafter, plaintiff moved for a change of venue on the ground that he could not obtain a fair and impartial trial in Stanislaus County; the motion was denied. On August 21, 1968, the presiding judge reset the case for trial, the trial to commence on February 10, 1969.

On October 15, 1968, plaintiff moved to advance the trial date because it had been set beyond the mandatory five-year dismissal period. Defendants countered with a motion to dismiss on the ground that the case had not been brought to trial within two years after filing. Both motions were denied by the Honorable Leonard Ginsburg sitting in the Superior Court of Stanislaus County under assignment by the Chairman of the Judicial Council. As to defendant's motion to dismiss, Judge Ginsburg had this to say: "The record shows that there was no such neglect on the part of counsel for the plaintiff as would justify the granting of the motion. Substantial delay in the trial of the action was caused by the failure of the Court to reset the matter for trial under the provisions of section 170.6 of the Code of Civil Procedure. This delay cannot in fairness be attributed to the plaintiff, and had there been no such delay, no problem in the trying of the case would have been found."

On December 6, 1968, defendants moved to dismiss on the ground that plaintiff's action was not brought to trial within the mandatory five-year period of section 583. This motion, heard by the Honorable Gerald V. Underwood, was granted; this appeal followed.

Arguably, Judge Underwood had no alternative but to dismiss plaintiff's action. Under section 583 the dismissal of an action which has not been brought to trial within two years after filing is discretionary, but, with certain specified exceptions, if the trial is not commenced within five years the dismissal is mandatory.[2] ■ Nevertheless, the statute is procedural, not jurisdictional (*Estate of Thatcher,* 120 Cal.App.2d 811 [262 P.2d 337]). Its purpose is to "prevent *avoidable* delay for too long a period . . . not ·. . . arbitrarily to close the proceeding at all events in five years. . . ." (*Christin* v. *Superior Court,* 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153].) Consequently, the California Supreme Court, in keeping with the salutary policy that lawsuits should be disposed of on the merits, has held that there is an implied exception to the mandatory dismissal requirement of section 583 in cases where a mechanical application will result in an injustice; the court has repeatedly stated that the time which elapses during periods in which it is impossible, impracticable or futile to go to trial, is to be disregarded in considering a motion to dismiss (*Kinard* v. *Jordan,* 175 Cal. 13 [164 P. 894]; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526; *Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61 [168 P.2d 665]; *City of Pasadena* v. *City of Alhambra,* 33 Cal.2d 908 [207 P.2d 17]; *General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]; *Brunzell Constr. Co. of Nevada* v. *Wagner, supra,* 2 Cal.3d 545).

■ Following the course so clearly charted by our Supreme Court, we hold that section 583 must be reconciled with the fundamental right of a litigant to disqualify a trial judge pursuant to the provisions of section 170.6. ■■ Accordingly, we also hold that if a case is timely set for trial, and if thereafter a challenge against the trial judge to whom it is assigned is allowed, not only is it the duty of the court to assign the case to another judge if one is available, or if none is available to procure the assignment of an outside judge through the Chairman of the Judicial Council, but the period that the trial is held in abeyance pending the assignment of another judge is to be disregarded in considering a subsequent motion to dismiss. Section 170.6 was obviously adopted by the Legislature to safeguard the

---

[2]Section 583 provides in pertinent part: "(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

right of a litigant to a fair and impartial trial, but if the basic right granted by the Legislature to litigants under that statute is not harmonized with section 583, there would be times when it could be exercised only at the risk of forfeiting an even greater right, the right to a full trial on the merits. Were we to hold that the five-year period of section 583 is never tolled by the exercise of a challenge made pursuant to section 170.6, we would unduly favor a procedural statute over one of substance and make it possible for a defendant to use the challenge to deprive a plaintiff of his day in court. It is patent that such a result was never contemplated by the Legislature and would do violence to the rule that "[a] court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions." (*Hough* v. *McCarthy,* 54 Cal.2d 273, 279 [5 Cal.Rptr. 668, 353 P.2d 276].)

■ We have concluded that the dismissal of plaintiff's action has resulted in a miscarriage of justice. Discovery proceedings were completed, the pretrial conference was held, and the trial was scheduled to commence long before the expiration of the five-year period. However, on the day of the trial Judge Carter, in good conscience, practically invited plaintiff's challenge by revealing that Dr. Osterholm had treated his son for a cleft foot. Afterward, the judge made it clear that it was the court's responsibility promptly to reassign the case for trial by indicating that a request would be made to the Judicial Council for the assignment of an outside judge and by dismissing the prospective jurors without taking the case off calendar. Unfortunately, nothing further was done until August 1968. In August the presiding judge set the case for trial, but even then did not give plaintiff an early trial date. On the contrary, he set the trial to commence in February 1969, almost six months later. As Judge Ginsburg aptly observed, the failure to commence the trial within the statutory period was the fault of the court, and the "delay cannot in fairness be attributed to the plaintiff. . . ."

Defendants suggest that the lower court did all that section 170.6 admonished it to do. They argue that in the final analysis it is the attorney's responsibility to bring his case to trial and that plaintiff's attorney failed to meet this responsibility.

We are not persuaded by this argument. While ordinarily it is the responsibility of the attorney to see that his case is brought to trial within the time limits prescribed by law, this is not an ordinary situation. As we have seen, all pretrial proceedings were completed, and the trial was scheduled to commence long before the expiration of the five-year period. Also, Judge Carter seemingly acknowledged the court's responsibility under section 170.6 to procure the assignment of an outside judge so that the case could progress to trial "as promptly as possible." Consequently, plaintiff's counsel was entitled

to assume that official duty would be performed, and although his failure to make any inquiry until almost 11 months later is not commendable, it is at least excusable. When all of the circumstances are weighed and considered, counsel's neglect was not of the magnitude to require a forfeiture of his client's rights.

The case of *Weeks* v. *Roberts,* 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361], albeit it is distinguishable, is authoritative. In that case plaintiff, with the bar of the five-year statute imminent, hurriedly moved to set his case for pretrial and trial. At the pretrial conference, the judge, at plaintiff's request, set the trial for January 28, three days prior to the expiration of the five-year statutory period. On January 11, defendant moved for an order vacating the trial date. Defendant's motion was granted by the judge supervising the master calendar on the ground that plaintiff's failure to allow sufficient time for ordinary setting was inexcusable. Thereafter, plaintiff's action was dismissed pursuant to the provisions of section 583. In reversing, the Supreme Court held that the order of dismissal was erroneous and that the error extended the five-year period.

The order is reversed.

Stone, P. J., and Coakley, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied February 17, 1971.