[Civ. No. 56855. Second Dist., Div. One. Nov. 13, 1979.]

THE STATE OF CALIFORNIA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
EARL GARNER et al., Real Parties in Interest.

644

COUNSEL

Stockdale, Peckham, Estes, Lawler & Iorillo and Paul F. Sowa for Petitioners.

No appearance for Respondent.

Stolzberg & White and Donald S. White for Real Parties in Interest.

OPINION

HANSON, J.—

INTRODUCTION

■ ■■■ Petitioners, the State of California and Williams Construction Company, defendants in a civil action (hereinafter defendants) seek a writ of mandate to compel the superior court to vacate its order denying a motion to dismiss for failure to bring the action to trial within five years pursuant to Code of Civil Procedure section 583, subdivision (b) (hereinafter section 583(b)) and to enter in lieu thereof an order granting said motion.[1]

FACTS

*On May 1, 1974,* the real parties in interest, Earl Garner and Ione Garner (hereinafter plaintiffs), filed a complaint in the superior court for breach of contract and negligence naming petitioners herein as party defendants.

The complaint alleges that on or about June 9, 1972, plaintiffs were engaged in the business of running a grocery store, take-out food store, and fish and bait store; that live fresh sea food was maintained in salt water tanks; that defendant State of California through its Department of General Services orally agreed to protect a sea water pump which

---

[1]"Either a writ of mandate to compel dismissal or a writ of prohibition to restrain the trial is a proper remedy to enforce the trial court's duty to dismiss pursuant to section 583, subdivision (b). [Citations.]" (*McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 530 [105 Cal.Rptr. 330, 503 P.2d 1338].)

supplied sea water to plaintiffs' salt water tanks containing the live fish they sold in their store; and that defendant state breached its oral agreement by damaging, dismantling and breaking the sea water pump causing plaintiffs fresh sea food to die and resulting in damage in the amount of $12,500.

The complaint also alleged a cause of action based upon a negligence theory stating that between June 9, 1972, and July 24, 1972, defendants so negligently conducted their operations on the pier[2] adjacent to plaintiffs' property that the fresh sea water pump upon which plaintiffs relied to supply fresh sea water to its sea food tanks was damaged in the sum of $12,500 by way of loss of income.

*On December 13, 1977,* plaintiffs made a request for arbitration of their dispute pursuant to Code of Civil Procedure section 1141.10, expressly agreeing to limit any recovery to $7,500.

*On August 28, 1978,* notice was given that the arbitration hearing was set for October 3, 1978.

*On October 4, 1978,* the arbitrator found in favor of defendants.

*On October 24, 1978,* plaintiffs filed a request for trial after arbitration.

*On January 22, 1979,* a trial setting conference was held in the superior court and the trial date of May 14, 1979, was assigned.

*On May 14, 1979,* defendants moved the superior court for a dismissal under the five-year rule (§ 583(b)) and the motion was denied on May 24, 1979.

Defendants by the within petition for writ of mandate seek to vacate the superior court's order of May 24, 1979, which denied their motion for a dismissal made pursuant to section 583(b).

---

[2]The record reflects that some time prior to July 1972 defendant, the State of California, decided to make the area along the Pacific Coast Highway near Point Magu into a public park. Defendant Williams Construction Company was employed by the state to remove the pier. As noted, plaintiffs' suit stems from an alleged oral agreement by the state to keep the pump on the pier which supplied fresh sea water to plaintiffs' live fish tank operational during the demolition operations and that defendant Williams Construction Company was aware of the agreement.

## Contentions

Defendants contend that plaintiffs failed to bring their case to trial within five years and that defendants had not waived their right under section 583(b) nor had the operation of the statute been tolled at any time, and hence the superior court had a mandatory duty to grant their motion under section 583(b) to dismiss plaintiffs' complaint and abused its discretion by failing to do so.

Plaintiffs (real parties in interest) argue that the superior court did not abuse its discretion in that they proceeded with due diligence and all expediency within their power to bring the case to trial at the earliest possible time and that the superior court had neither discretion nor duty to dismiss this case under section 583(b) in that it was impractical, impossible and futile to try the case within the period of the five-year statute.

## Discussion

Section 583(b) in pertinent part provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced...on motion of the defendant, after due notice to the plaintiff...unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

Plaintiffs rely primarily on *Brown* v. *Engstrom* (1979) 89 Cal. App.3d 513 [152 Cal.Rptr. 628], in support of their argument that it would have been impossible, impractical and futile to have brought the instant case to trial within the five-year statutory period as provided in section 583(b). They point to the fact that in *Brown* the plaintiff was in an arbitration process for nine months which prevented the plaintiff from bringing the case to trial within the five-year statute period and the language at page 524 which states: "[T]he arbitration administrator, over whom the plaintiff had no control, took an extraordinary amount of time to provide a list of prospective arbitrators. This extraordinary circumstance made it impossible for the parties to proceed with arbitration and impossible to conduct a trial within the time reasonably contemplated."

However, plaintiffs' reliance on the *Brown* case is misplaced in that it is factually distinguishable and does not support their argument. In

*Brown* the parties entered into a written stipulation for arbitration on October 7, 1976. The five-year period of section 583(b) would have expired on August 2, 1977, almost ten months away. Although the Rules of Court contemplate that the arbitration process should be concluded approximately four months after the parties have entered into a stipulation for arbitration of the case, as of September 30, 1977, the arbitration still had not been completed. Thereafter, defendants made their motion to dismiss under section 583(b). The trial court granted the motion and entered a judgment of dismissal.

On appeal the reviewing court in *Brown* interpreting rule 1602(e) of the California Rules of Court held that an arbitration hearing does not constitute "a trial" within the meaning of section 583(b) as it "would enable a party to avoid the five-year rule by submitting his case to arbitration, ..." (89 Cal.App.3d at p. 520) and delay trial indefinitely. However, the appellate court, citing *Nail* v. *Osterholm* (1970) 13 Cal. App.3d 682 [91 Cal.Rptr. 908], and *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr. 305, 442 P.2d 361], held the motion to dismiss was improperly granted on the ground the factual situation fell under the "impossible, impractical and futile" exception to section 583(b) stating: "Once a stipulation for judicial arbitration has been executed and filed, a party may not withdraw from the arbitration proceedings. The rules for judicial arbitration for civil cases (Cal. Rules of Court, rules 1601-1616) make no provision for any party's withdrawal from such stipulation because of the failure of the arbitration proceeding to be conducted within the time limits set forth in the rules, which require completion within approximately four months from the date of the filing of the stipulation for arbitration. In the case before us, once the stipulation for arbitration had been filed, there was no action which plaintiff's counsel could take to have the arbitration terminated in time for plaintiff to seek a trial in the superior court as provided in rule 1616.

"Plaintiff's situation in the case before us is very analogous to the cases of *Nail* and *Weeks*. In *Nail,* the delay in getting to trial was due to the failure of the court to perform the duties required of selecting a new trial judge to try the case. In *Weeks,* the failure to bring the case to trial was due to the arbitrary action of the court in requiring a motion for a trial setting to be made an arbitrary number of days before the trial date. Thus, in the case before us, plaintiff had a right to rely upon the principle that official duty under the arbitration system would

be performed as required by law. This was not done, and yet plaintiff was powerless to remove her case from the arbitration proceedings to the superior court and proceed to trial because there was no way for plaintiff to escape from the unexpectedly slow-moving arbitration procedures over which she had no control.

"      .      .      .      .      .      .      .      .      .      .      .      .      .

"The critical point presented in the instant case—which precludes a dismissal under Code of Civil Procedure section 583 to prevent an injustice—is the fact that the arbitration administrator, over whom the plaintiff had no control, took an extraordinary amount of time to provide a list of prospective arbitrators. This extraordinary circumstance made it impossible for the parties to proceed with arbitration and impossible to conduct a trial within the time reasonably contemplated." (*Brown* v. *Engstrom, supra,* 89 Cal.App.3d 513, 523-524.)

In *Brown* there was *no* time interval following conclusion of the arbitration process and before expiration of the five-year period wherein counsel for plaintiff could have taken action to have the case set for trial.

In the instant case, unlike *Brown,* the arbitration proceedings were concluded October 4, 1978 (the date the arbitrator made his award). At that time over six and one-half months remained before the expiration of the five-year period on May 1, 1979. During that time period plaintiffs made no special effort to have this matter set for trial. The case was merely returned to the civil active list and a trial setting conference date was assigned.

Moreover, when the trial setting conference itself was held on January 22, 1979, the record reflects plaintiffs' counsel neither made a motion to advance the case for trial under California Rules of Court, rule 225, nor brought to the court's attention the five-year rule problem and permitted a trial date of May 14, 1979, to be assigned without objection. ■ In *Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972 [133 Cal.Rptr. 486], the court held that inadvertence in selecting a trial date does not constitute the type of impracticability, impossibility or futility which tolls the five-year statute, starting at page 975: "It is the plaintiff's duty to keep track of the pertinent dates which are crucial to

maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period."

■ Here, plaintiffs had ample time prior to the expiration of the five-year period (over six and one-half months) to have the date of trial advanced, under rule 225, California Rules of Court, to a date prior to May 1, 1979. We further note the Supreme Court in *Weeks* v. *Roberts, supra,* 68 Cal.2d 802, found that 28 days was a reasonable time within which to provide a courtroom when plaintiff sought to avoid the application of the five-year rule, and the Court of Appeal in *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068 [115 Cal.Rptr. 666], found 46 days a sufficient time.

Finally, we note that rule 1601(d) of the California Rules of Court (hereinafter rule 1601(d)) which became effective July 1, 1979, provides in pertinent part that "When. . .an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in section 583 of the Code of Civil Procedure."

Even if we apply this new provision retroactively, we note that the case at bench was filed on May 1, 1974. While the matter was in arbitration for about nine and one-half months, arbitration was finally determined on October 4, 1978, about four years and five and one-half months after the action was filed, which is *less* than the four-year-six-month period specifically provided in rule 1601(d) in order to exclude the time period for purposes of section 583(b) computation. Moreover, by inference rule 1601(d) establishes that six months is ample time to bring an action to trial following arbitration.

Accordingly, applying the general rule that "whether it is impossible, impracticable or futile to proceed to trial must be determined in light of the circumstances in each case," (*Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12]) we conclude that since plaintiffs had in excess of six months to bring the within action to trial within the five-year period provided by section 583(b) following the termination of the arbitration proceedings on October 4, 1978, the court below abused its discretion in failing to grant defendants' motion to dismiss.

## DISPOSITION

Let a peremptory writ of mandate issue to the Superior Court of Los Angeles County commanding it to vacate its order of May 24, 1979, denying the motion of defendants (petitioners herein), State of California and Williams Construction Company, to dismiss the within action for failure to bring the action to trial within the five-year period provided by section 583, subdivision (b) of the Code of Civil Procedure, and enter in lieu thereof an order granting said motion.

Lillie, Acting P. J., and Rothman, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.