[Civ. No. 63473. Second Dist., Div. Two. Sept. 21, 1982.]

JESSIE H. CASTORENA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
LORRAINE ESTRADA, Real Party in Interest.

**COUNSEL**

Cummins & White, Larry M. Arnold and Mark T. Willman for Petitioners.

No appearance for Respondent.

David & Schmidt, Raymond G. David and Stephen C. Schmidt for Real Party in Interest.

**OPINION**

**BEACH, J.**—Petition for writ of mandate to compel trial court to dismiss action for failure to bring to trial within five years. (Code Civ. Proc., § 583, subd. (b).)[1] We grant the petition.

### FACTS

The complaint was filed on November 12, 1975. Plaintiff thereafter filed an "Election for Arbitration," requesting that the case be submitted to arbitration. Both requests were filed before the six-month period prior to the expiration of the five-year statute of limitations described in sections 583, subdivision (b) and 1141.17. The matter was arbitrated and on December 18, 1980, notice of the arbitration award was served. This was a little over one month past the fifth anniversary of filing the complaint.

On December 24, 1980, defendants demanded trial de novo. Notice of trial setting conference was mailed January 21, 1981, and trial setting conference was held on March 11, 1981, attended by both parties. After trial setting conference the trial was set for August 31, 1981. On August 11, 1981, defendants noticed their motion to dismiss for failure to bring the matter to trial within five years. Defendants' motion was heard on August 26, 1981, and denied. The matter was reset for trial for September 23, 1981. Defendants filed their petition in this court on September 4, 1981.

### DISCUSSION

██ Based on the established rules reviewed by us in our recent decision of *Moran* v. *Superior Court* filed September 21, 1982* (Cal.App.),

---

[1]All statutory references are to Code of Civil Procedure unless otherwise indicated.

*Reporter's Note: Hearing granted, for Supreme Court opinion see 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].

we must conclude that the trial court in the instant case abused its discretion.

In the instant case both requests for submission to arbitration were filed by plaintiff before the six-month period discussed in section 1141.17. That section provides for tolling only in certain cases where submission to arbitration is within the last six months of the five-year period. Therefore, the time during which the matter was in arbitration did not toll the running of the five-year period of section 583, subdivision (b). Thus, the running of the five-year period was not stayed or tolled by any *statutory* provisions. Nonetheless there still remains a question of whether the plaintiff established that she could not bring her cause to trial before five years because of impossibility, futility or impracticality, reasons recognized as extending the five years under cases such as *Hocharian v. Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829], *Wyoming Pacific Oil Co. v. Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], and their progeny discussed in our decision in *Moran* (Cal.App.).

Although the time in arbitration did not toll the running of the five-year period by operation of the statutory tolling, but assuming, arguendo, but without deciding that it nonetheless qualifies as a cause of some impracticability on the part of plaintiff to bring her case to trial during that time, there was nonetheless an abuse of discretion on the part of the trial court in denying defendants' motion to dismiss.

Plaintiff did not demonstrate that during all of the additional time from December 12, 1980 (date of award) to August 11, 1981 (date of dismissal motion) was a period of time during which she was under a similar disability of impracticability, as she was during the arbitration time. Plaintiff in fact made no attempt to produce any evidence whatsoever on this feature. Thus even giving credit for a decisionally created tolling, the issue here is the reasonableness of plaintiff's conduct (*Hocharian v. Superior Court, supra*, 28 Cal.3d 714, 722) in utilizing the procedures available to her after the award was made. Although there was a trial setting conference within one month, on December 19, 1981, attended by both parties, still plaintiff did not at that time alert the trial court to the fact that the five-year statute had run and that only a reasonable amount of time should be added, or in other words, that the action should be set for trial immediately.

As in *Moran* (Cal.App.) (and still assuming arguendo that the arbitration created an impracticability) after the arbitration award was filed and trial de novo requested at bench, the matter reverted to one of simply getting the case to trial—or making reasonable effort to do so as soon as possible and within the statutory five-year period, as extended by applicable decisional law.

Guided by the principles we discussed in *Moran* (Cal.App.), since plaintiff presented no evidence on the question of impracticability from the date of the award to the trial date almost nine months later, the trial court abused its discretion in setting the case that far away and thus extending the five-year period even longer than it would have been extended if the statutory tolling had been applicable. As in *Moran* (Cal.App.) there was no showing of an effort to utilize an early setting motion. (Rule 225, Cal. Rules of Court.)

Plaintiff's claim that defendants, by demanding trial de novo and attending the trial setting conference and by serving interrogatories after the arbitration award, waived their rights to raise the statute of limitations, is without merit. (*Holt* v. *Pardue* (1960) 178 Cal.App.2d 528, 535 [3 Cal.Rptr. 225]; *Moran* v. *Superior Court* (Cal.App.) and cases there cited.)

Let a writ issue directing the trial court to vacate its order denying defendants' motion to dismiss and to make and enter a different order dismissing the action of plaintiff for failure to bring the matter to trial within the period of time described in Code of Civil Procedure section 583, subdivision (b).

Compton, J., concurred.

**ROTH, P. J.**—I dissent for the reasons stated in my dissent in *Moran* v. *Superior Court* (Cal.App.).