[No. B001919. Second Dist., Div. Seven. Nov. 19, 1984.]

WILLIAM WARD, Plaintiff and Appellant, v.
ASHER LEVIN et al., Defendants and Respondents.

COUNSEL

Richard M. Moore for Plaintiff and Appellant.

Haight, Dickson, Brown & Bonesteel, Roy G. Weatherup, Ford R. Smith and Robert M. Dato for Defendants and Respondents.

OPINION

**LILLIE, P. J.**—Plaintiff appeals from judgment dismissing his action for failure to bring it to trial within five years after it was filed. (Code Civ. Proc., § 583, subd. (b).)

On February 7, 1977, plaintiff filed a complaint seeking damages for wrongful eviction, interference with use of leased premises and breach of lease, and an injunction against trespass. On May 26, 1981, plaintiff's motion to advance the case for trial was granted; mandatory settlement conference was set for November 16 and trial was set for December 7. On November 16, 1981, no settlement having been reached, the case was referred to arbitration and the trial date was vacated. On June 10, 1982, the award of the arbitrator was filed with the court; the record does not indicate the nature of the award. On June 17, 1982, plaintiff filed a request for trial de novo (Code Civ. Proc., § 1141.20)[1] "at the earliest possible date." On July 10, plaintiff's attorney telephoned the arbitration clerk to check on the status of the request; the attorney was informed that the matter was being processed for resetting and the master calendar clerk would notify him shortly of the trial date. On August 9, having received no word of a resetting, plaintiff's attorney called the master calendar clerk and requested information on the status of the case; a deputy clerk named Kim informed the attorney that the file could not be located but she would look for it and call him back. The attorney followed up the conversation with a letter dated August 9, 1982, to the clerk of the master calendar department setting forth the procedural posture of the case and stating that plaintiff was entitled to a priority for setting. On August 13 deputy clerk Kim told plaintiff's attorney that she had located the file, had his letter of August 9, and would act on it as soon as possible. On August 26 the master calendar clerk sent to plaintiff

---

[1]Code of Civil Procedure section 1141.20: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar."

notice of a trial setting conference date of October 4, 1982; on August 31 plaintiff served notice of the trial setting conference on defendants. Because of an error in calendaring at his office, plaintiff's attorney did not appear for the conference on October 4 and on that date the action was dismissed. On October 5 counsel discovered the error and learned that defendants' attorneys also had failed to appear at the trial setting conference. On October 8 plaintiff filed a motion for relief from default. On October 25 the motion was heard and granted and the case was restored to the civil active list, with a new trial setting conference scheduled for December 15, 1982. On that date counsel for defendants orally argued that the action should be dismissed because it had not been brought to trial within five years after it was filed; the court rejected the argument and set the case for trial on January 5, 1983.

On December 20, 1982, defendants filed a written motion to dismiss for failure to bring the action to trial within five years (Code Civ. Proc., § 583, subd. (b)); the motion was set for hearing on January 5, 1983. On the latter date trial was continued to April 14, 1983, on motion by defendants, without prejudice to their motion to dismiss; that motion was taken under submission and was denied on January 17. On April 14, 1983, the matter was trailed on the court's own motion "to a date when a trial court becomes available." On May 2, 1983, the case was transferred to Department 35 for trial and defendants filed a second motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (b).[2] The motion was granted and judgment was entered dismissing the action. This appeal followed.

■ Citing *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216], plaintiff contends the action was prematurely dismissed because the five-year period of section 583, subdivision (b) was tolled from the date the arbitrator's award was filed to the date set for trial de novo. Before turning to the merits of this contention, it is necessary to consider two arguments made by defendants.

■ Defendants contend that *Moran* does not aid plaintiff, because the arbitration herein was voluntary rather than compulsory; the five-year period therefore was not tolled during arbitration and expired on February 7, 1982. (See Code Civ. Proc., § 1141.17; *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, 235, fn. 5; *Davenport* v. *Vido Artukovich & Son, Inc.* (1983)

---

[2]Code of Civil Procedure section 583, subdivision (b) provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

141 Cal.App.3d 60, 64-66 [190 Cal.Rptr. 64].) The minute order of November 16, 1981, states in pertinent part: "Trial date of 12/7/81 vacated. . . . [¶] At the request of parties, trial date of 12/7/81 is continued to January 11, 1982, and transferred to arbitration at that time." On the minute order form the trial court did not check the box indicating that plaintiff elected arbitration, the box indicating that counsel stipulated to arbitration, or the box indicating that the court ordered the case transferred to arbitration. It is thus unclear whether arbitration was consensual or was ordered by the court. However, in the points and authorities in support of their motions to dismiss defendants consistently took the position that arbitration was ordered by the court. ■ "'"A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant."'" (*Signal Hill Aviation Co.* v. *Stroppe* (1979) 96 Cal.App.3d 627, 638 [158 Cal.Rptr. 178]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 281, pp. 4269-4270.) ■ Accordingly, it is too late for defendants now to claim that the arbitration was voluntary or consensual rather than compulsory. For purposes of this appeal, we assume it was compulsory thereby tolling the five-year period of section 583 during arbitration.

■ Defendants further argue that inasmuch as the *Moran* decision was not filed until more than seven months after plaintiff's action was dismissed, *Moran* should not be applied retroactively to this case. ■ Two factors of primary importance in resolving the issue of retroactivity are the extent to which the change in the law was foreshadowed and foreseeable and the extent of the reliance placed upon the former rule of law. (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 400 [134 Cal.Rptr. 206, 556 P.2d 306].) In *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 767-769 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833], the Supreme Court held that when a party challenges a trial judge (Code Civ. Proc., § 170.6), the subsequent delay of trial caused by the court's failure to assign another judge to hear the case is to be disregarded in considering a motion to dismiss under section 583, subdivision (b). (See also *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686-687 [91 Cal.Rptr. 908].) ■ *Moran* relied on *Hartman* and *Nail* in holding that once a party has requested a trial de novo following arbitration, it is the duty of the court to set the case for trial in a timely fashion; the five-year period is tolled during the time it takes the court to perform such duty. This holding clearly was foreshadowed in the earlier cases. *Moran* simply applied the rationale of those cases to the situation where trial is delayed by the court's failure promptly to assign a trial date pursuant to request for a trial de novo after arbitration. While defendants, in moving to dismiss, relied on a contrary rule set forth in *Moran* v. *Superior Court* (Cal.App., Sept. 21, 1982), such reliance was not warranted

inasmuch as the Supreme Court granted a hearing in that case on December 15, 1982, before defendants filed their first motion to dismiss.

■ Whether a decisional rule shall apply to cases other than those which are commenced in the future turns on considerations of fairness and public policy. (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393].) ■ It is neither unfair nor against public policy to accord retroactive application to the *Moran* decision, for a defendant is not entitled to have the plaintiff's action dismissed under the five-year provision of section 583 if that period in fact has not run. We conclude that the rule announced in *Moran* is applicable in the present case.

■■ That rule, and the basis therefor, are expressed by the Supreme Court as follows: "Section 1141.20 [Code of Civil Procedure] provides that, after the arbitrator's decision has been filed, a party who is not satisfied with the award must initiate the process which will bring the case to trial by making a timely request for a trial de novo. Once such a request has been made, this section requires that a case be *calendared* for trial in the order of priority it held before arbitration. Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial in 'the same place . . . it had prior to arbitration.' In compliance with this statutory mandate, and in order to ensure that the plaintiff will retain the benefit of the amount of time remaining in the five-year period when the case went into arbitration, that period will remain tolled until the new trial date set by the court. . . . Where [a party] seeks a trial de novo after arbitration, the trial court should give the matter priority and assign it the earliest possible trial date. *The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583 (b).* This rule will ensure that the postarbitration trial date retains the same place in relation to the end of the five-year period as was held by the original trial date." (*Moran* v. *Superior Court, supra,* 35 Cal.3d 229, 240-242, latter italics added, fn. omitted.)

■ The complaint herein was filed February 7, 1977. On November 16, 1981, when the case was ordered to arbitration, 83 days of the 5-year period of section 583, subdivision (b) remained. Under *Moran* that period ceased to run from June 10, 1982 (when the arbitration award was filed with the court) to January 5, 1983 (the date set for trial de novo). On the latter date the 5-year period again commenced to run and plaintiff had 83 days thereafter, or until March 29, 1983, to bring the action to trial. It was not brought to trial by that date.

However, on January 5, 1983, the parties appeared in court, and after plaintiff's counsel left the courtroom, the following colloquy took place: "THE COURT: You want me to continue this trial date? [¶] MR. SMITH [defendants' counsel]: Plaintiff's counsel agreed I could put on the record that we kick it over for four months and these four months have no effect on the five-year statute, without prejudice to anyone. [¶] THE COURT: That would be until May? [¶] MR. SMITH: April would be better. [¶] THE COURT: April 14th, 9 A.M. . . . ." Inasmuch as no stipulation of the parties agreeing to extension of the trial date beyond the five-year period was entered in the minutes of the court, it cannot be said that defendants stipulated in writing to such an extension as required by section 583, subdivision (b). (See *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 490-491 [24 Cal.Rptr. 80]; *Preiss* v. *Good Samaritan Hospital* (1959) 171 Cal.App.2d 559, 562-564 [340 P.2d 661].) Nevertheless, defendants' conduct in requesting continuance of the trial estopped defendants from seeking dismissal under the five-year provision of section 583. (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 439-440 [96 Cal.Rptr. 571, 487 P.2d 1211]; *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407-409 [334 P.2d 12]; *Borglund* v. *Bombardier, Ltd.* (1981) 121 Cal.App.3d 276, 279-281 [175 Cal.Rptr. 150]; *Holder* v. *Sheet Metal Worker's Internat. Assn.* (1981) 121 Cal.App.3d 321, 325-327 [175 Cal.Rptr. 313].) In *Holder, supra,*[3] defendant's counsel, before expiration of the statutory period, told plaintiff's counsel that he would request a continuance of the trial date. Plaintiff's counsel did not object to the motion, which was granted to a date beyond the statutory period. Defense counsel thereafter successfully moved for a dismissal. The appellate court reversed, stating that defendant had selected a trial date beyond the statutory period thereby indicating defendant's willingness to excuse delay. "Here, [defense counsel] represented to opposing counsel that he wished to continue the case for trial. In his motion for continuance he made the same representation to the court. Having made that bargain, he is bound by it. To permit him to do otherwise is unseemly." (*Holder* v. *Sheet Metal Worker's Internat. Assn., supra,* 121 Cal.App.3d at p. 327.)

While defendants were estopped to assert the five-year limitation of section 583 before April 14, 1983, they were not estopped to seek dismissal of plaintiff's action at a later date. (See *Knight* v. *Pacific Gas & Elec. Co.* (1960) 178 Cal.App.2d 923, 930-931 [3 Cal.Rptr. 600].) However, on April 14, 1983, trial was trailed on the court's own motion to a date when a courtroom became available, thereby invoking the principle that the five-

---

[3]*Holder* involved a dismissal under Code of Civil Procedure section 583, subdivision (c), which requires that a case be brought to trial within three years from filing of remittitur after reversal on appeal.

year dismissal provision of section 583 is inapplicable where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347].) ■ "Code of Civil Procedure section 583, subdivision (b), requires that a case be dismissed unless it is brought to trial within five years. Delay may be excused, however, if it has been impossible or impracticable to proceed to trial. [Citation.] The normal time of waiting for a place on the court's calendar is not excluded from computing the five-year period. [Citation.] When, however, a plaintiff has waited the normal time for a place on the calendar and has been assigned such a place well within the five-year period, his inability thereafter to proceed to trial because of continued court congestion should not be chargeable to the five-year period." (*Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72, 74-75 [129 Cal.Rptr. 29]; see also *Bennett* v. *Bennett Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673, 676-677 [178 Cal.Rptr. 633].) ■ Plaintiff acted with diligence in requesting a trial de novo after arbitration and ultimately secured a trial date of January 5, 1983. On that date, with 83 days of the 5-year period remaining, trial was continued to April 14, 1983, on defendants' motion. Through no lack of diligence on plaintiff's part, and for causes beyond his control, the trial was not commenced on April 14 but was postponed by the court. Under these circumstances it was an abuse of discretion to dismiss plaintiff's action. (See *Bennett* v. *Bennett Cement Contractors, Inc., supra,* 125 Cal.App.3d 673, 677-678.)

### Disposition

The judgment is reversed.

Johnson, J., and Smerling, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.