[No. A015514. First Dist., Div. Three. Apr. 24, 1985.]

TERESA CANNON, a Minor, etc., et al., Plaintiffs and Appellants, v. CITY OF NOVATO, Defendant and Respondent.

**COUNSEL**

Michael James Moriarty, Kay E. Tindel and Jane Elizabeth Lovell for Plaintiffs and Appellants.

Jonathan P. Reynolds and Russ & Reynolds for Defendant and Respondent.

## OPINION

**BARRY-DEAL, J.**—Appellants Teresa and Michael Cannon appeal from a dismissal of their personal injury action against respondent City of Novato and other defendants who are not parties to this appeal. Appellants contend that the trial court erred in granting respondent's motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (b),[1] which mandates dismissal of suits not brought to trial within five years after the filing of the complaint. We affirm the judgment of dismissal.

### *Facts*

Appellants filed their complaint on April 14, 1976, and all defendants had answered by December 20, 1976. The parties engaged in discovery activities, which on appellants' part consisted of propounding five identical sets of interrogatories in September 1976 to the various public entity defendants. During the period between April 1976 and April 1979, defendants brought several motions challenging the sufficiency of the complaint and praying for summary judgment. From April 1979 to December 1980, a period of approximately 20 months, appellants were completely inactive. In December 1980 they filed their first at-issue memorandum and noticed a motion for December 29 to advance the case for trial on the ground that the five-year period would soon expire. The motion to advance the matter on the civil active list was granted, and a mandatory trial setting conference was set for February 4, 1981, with an order to set the trial no later than April 14, 1981, the last day of the five-year period. In January appellants noticed depositions and took two depositions in February 1981.

At the trial setting conference on February 4, 1981, the trial court ordered the parties to arbitrate pursuant to section 1141.11, which provides for judicial arbitration upon a finding that the amount in controversy does not exceed $15,000. The arbitrator's award, denying appellants' claim, was filed on June 15, 1981. On June 19, 1981, appellants rejected the arbitrator's award and moved to advance the trial date. Appellants stated in the motion to advance that the trial must be set prior to October 16, 1981, in order to meet the five-year limitation contained in section 583, subdivision (b).

---

[1]Unless otherwise noted all statutory references are to the Code of Civil Procedure.

On June 29, 1981, the court clerk gave notice that the mandatory settlement conference would be held September 21, 1981, and trial was set for October 5, 1981. The failure of appellants to submit a settlement conference statement within 10 days prior to the scheduled settlement conference date resulted in the court ordering the matter off calendar. Appellants then filed another motion to advance the case for trial; respondent concurrently filed its motion to dismiss pursuant to section 583, subdivision (b). Respondent's motion to dismiss was heard on September 25, 1981, and on September 28, 1981, the court granted respondent's motion and took appellants' motion to advance off calendar.

## Discussion

Appellants contend that it was impossible and impracticable for them to bring the action to trial prior to the expiration of the five-year period mandated by section 583, subdivision (b).

Section 583, subdivision (b), at the time of dismissal provided:[2] "(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his [or her] action, except where the parties have filed a stipulation in writing that the time may be extended."

Appellants filed their complaint on April 14, 1976, so the original five-year limitation date would have been April 14, 1981. However, because the parties were ordered into arbitration by the trial court, the five-year period under section 583, subdivision (b), was tolled under section 1141.17, which provides: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to

---

[2]Section 583 was repealed and replaced by new legislation effective as of January 1, 1985. (Stats. 1984, ch. 1705, §§ 4, 5.) The new dismissal statute continues the requirement that an action must be brought to trial within five years after its commencement against the defendant. (§ 583.310.) Section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." If the five-year period is tolled or extended ". . . with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, . . ." the parties are allowed six months after the tolling or extension to bring the action to trial. (§ 583.350.) The requirements of the article are mandatory and can only be excused or extended as provided by statute. (§ 583.360.) This new legislation does not apply to the instant action because the dismissal order here was entered before January 1, 1985. (§ 583.160.)

actions filed on or after the operative date of this chapter. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."[3]

At the time the parties were ordered into arbitration, February 4, 1981, 69 days remained until the original 5-year period would expire. The section 583, subdivision (b), period was tolled until the date the arbitration award was filed, June 15, 1981. The new section 583, subdivision (b), dismissal date was thus extended to August 23, 1981, 69 days after the filing of the arbitration award.

Counsel for appellants miscalculated the extension under section 1141.17 and informed both the court and opposing counsel that the section 583, subdivision (b), limitation period would expire on October 16, 1981. The court clerk complied with appellants' request and assigned a court date prior to October 16.

 Section 583, subdivision (b), will not be applied in cases where, due to circumstances beyond the party's control, it was impossible, impracticable, or futile to bring the case to trial during the five-year period. (*Bennett* v. *Bennett Cement Contractors, Inc.* (1981) 125 Cal.App.3d 673, 676 [178 Cal.Rptr. 633]; see also *Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 238 [197 Cal.Rptr. 546, 673 P.2d 216].[4]) In determining whether section 583, subdivision (b), should be applied to dismiss a case, the courts look to (1) the circumstances beyond plaintiffs' control which prevented trial within five years, and (2) whether the plaintiffs pursued the suit diligently. (*Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347]; *Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513, 521 [152 Cal.Rptr. 628]; *Bennett* v. *Bennett Cement Contractors, Inc.*, *supra*, 125 Cal.App.3d at pp. 676-677; *Moran* v. *Superior Court*, *supra*, 35 Cal.3d at p. 238; *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 138 [199 Cal.Rptr. 295].) A determination by the trial court that the plaintiff has had a reasonable opportunity to bring the case to trial will not be disturbed if there is substantial evidence to support it. (*Bennett, supra,* at p. 677.)

---

[3]Section 1141.17 has since been amended by Statutes 1983, chapter 123, section 3 and Statutes 1984, chapter 1705, section 6.

[4]*Moran* was issued after this appeal was filed, and the opinion does not include a provision for retroactive application. One court has found that retroactive application of *Moran* is not unfair, since the holding therein is a natural extension of existing case law. (*Ward* v. *Levin* (1984) 161 Cal.App.3d 1026 [208 Cal.Rptr. 312].) We cite *Moran* to supplement the line of cases in effect at the time this appeal was filed although, as discussed below, the remedial time computation method of *Moran* is not applicable to these facts.

 Appellants contend that their failure to bring the suit to trial prior to August 23, 1981, is due to the court's error in setting the trial date and that, once appellants moved to set the case for trial, they were entitled to assume that the court would perform its official duty by assigning a trial date within the five-year period mandated by section 583, subdivision (b).

The line of cases culminating in *Moran* does provide a remedy to those plaintiffs who, despite their diligence, were unable to bring their cases to trial because the courts or other officials impeded progress of the suits. (*Karubian* v. *Security Pacific Nat. Bank, supra*, 152 Cal.App.3d at p. 138.) In *Bennett*, the trial date was delayed by continuances made on the court's own motion due to lack of courtroom space or an available judge. (*Bennett* v. *Bennett Cement Contractors, Inc., supra*, 125 Cal.App.3d at p. 677.) The *Brown* suit was delayed by an arbitration administrator. (*Brown* v. *Engstrom, supra*, 89 Cal.App.3d at p. 524.) In *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908], trial was delayed when the court failed to reassign the case to a new judge. The *Moran* case was delayed after the court clerk mistakenly sent the file to storage. (*Moran* v. *Superior Court, supra*, 35 Cal.3d at p. 236.) When official duty has not been performed and it is thereby impossible to bring the case to trial within the section 583, subdivision (b), deadline, the time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period. (*Id.*, at p. 242.)

Appellants have failed to show that they relied on the performance of official duty to obtain a timely trial date. Counsel for appellants asked the court for a date prior to October 16 and were promptly provided with a trial date within that time. A party's inadvertence in selecting a trial date does not constitute impossibility or impracticability under section 583, subdivision (b), because it is the party's duty to keep track of such crucial dates. (*State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643, 649-650 [159 Cal.Rptr. 650].) "The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [section 583]. [Citation.]" (*Steinbauer* v. *Bondesen* (1932) 125 Cal.App. 419, 426 [14 P.2d 106].) If the plaintiff could have acted to bring the case to trial on time and failed to do so, relief will not be given even if the plaintiff claims to have relied on the performance of an official duty. (*Karubian* v. *Security Pacific Nat. Bank, supra*, 152 Cal.App.3d at p. 140.) The court had no duty to check appellants' calculations for error before assigning the requested trial date. Therefore, because the delay in going to trial was caused by appellants' own miscalculation rather than circumstances beyond their control, the remedial provisions of the *Moran* line of cases are inapplicable here.

Even if appellants' error in calculating the limitation date were grounds for excuse, the record does not support a finding that the suit was pursued diligently. Appellants seek to distinguish their activities over the past eight years from those of the parties in *Fluor Drilling Service, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1009 [186 Cal.Rptr. 9] and *Castorena* v. *Superior Court* (1982) 135 Cal.App.3d 1014 [186 Cal.Rptr. 14]. It is true that appellants made their trial setting motions promptly after the filing of the arbitration award, and the plaintiffs in *Fluor* and *Castorena* suffered dismissal because they failed to pursue a trial date after arbitration. (*Fluor, supra,* at p. 1012; *Castorena, supra,* at p. 1017.) ▮ A determination of due diligence requires an examination of the circumstances existing throughout the five-year period. (*Bennett* v. *Bennett Cement Contractors, Inc., supra,* 125 Cal.App.3d at p. 676; *Moran* v. *Superior Court, supra,* 35 Cal.3d at pp. 239-240.) ▮ The record here shows that appellants did not diligently pursue their suit. In the course of the first two years of litigation, appellants' only discovery activities consisted of propounding five identical sets of interrogatories. Depositions were not taken until almost five years after the complaint was filed. During one period of approximately twenty months, appellants filed nothing with the court. Therefore, because it was not impossible for appellants to have brought this suit to trial within the five-year period mandated by section 583, subdivision (b), the trial court acted properly in dismissing the case.

The judgment is affirmed.

Anderson, J.,* concurred.

**WHITE, P. J.**—I respectfully dissent. *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026, 1032 [208 Cal.Rptr. 312] is, in my view, persuasive authority that *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216], cited in the majority opinion at page 221 and in footnote number 4 on page 221, should be applied retroactively to the case at bench.

*Moran* reaffirmed the "reasonable diligence in prosecuting [the] case" standard relative to Code of Civil Procedure section 583[1] five-year dismissals. (*Id.,* at p. 240.) The *Moran* court, however, did not stop there. "*Moran* relied on *Hartman* [*Hartman* v. *Santamarina* (1982) 30 Cal.3d 762, 767-769 (180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833)] and *Nail* [*Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686-687 (91 Cal.Rptr. 908)] in holding that once a party has requested a trial de novo following arbitration, it is the duty of the court to set the case for trial in a timely fashion; the

---

*Assigned by the Chairperson of the Judicial Council.

[1]All statutory references are to the Code of Civil Procedure unless otherwise designated.

five-year statute is tolled during the time it takes the court to perform such duty." (*Ward* v. *Levin, supra,* at p. 1032.)

Division Seven of the Second District of this court in *Ward* v. *Levin, supra,* at page 1033, astutely analyzed *Moran's* decisional rule and its basis as expressed by the Supreme Court. I only add that the Supreme Court in *Moran* pointedly designated its "rule" relative to five-year dismissals subsequent to court-ordered arbitration to be a "second," "independent" standard for tolling section 583 time. (See *Moran, supra,* at p. 240.)

When *Moran's* second rule is independently applied to the essential facts of this case, it appears clear that the trial court erred in not denying respondent's section 583, subdivision (b) motion to dismiss for the reason that the motion was premature. On February 4, 1981, 69 days remained of the statutory 5-year time period. On that date those 69 days were effectively tolled when the court ordered the cause to be arbitrated. (See majority opn., p. 221.) On June 15, 1981, when the arbitration award unfavorable to appellants' interests was filed, the 69 days commenced to run again. But time ran only until June 19, 1981, when appellant rejected the arbitrator's award by moving to advance the trial date, a period of four days. (See *Moran, supra,* at p. 235.) Thereafter, time remaining of the five-year statutory period, i.e., I would think sixty-five days, was tolled until October 5, 1981, the trial date set by the court clerk at appellants' direction.[2] Manifestly, respondent's section 583, subdivision (b) motion heard September 25, 1981, and granted on September 25, 1981, to dismiss was premature and should have been denied on that ground.

The reason, of course, the limitations period provided by section 583, subdivision (b) would not commence to run again until October 5, 1981, results from the retroactive application of *Moran's* "second" but independent rule. Clearly, appellants' motion for advancement of trial filed June 19, 1981, constituted a request for a "de novo trial" within the meaning of section 1141.20. Appellant's cause had been heard in arbitration with unfavorable results; they then timely of right requested that the cause be heard *anew* in a trial on the facts and the law. Appellants' request, in light of *Moran,* accomplished more; it activated the court's duty to both restore appellants' case to a preferred spot on the civil active list and to actually calendar the case for trial. (See *Moran, supra,* fn. 10, at p. 241.) I can reach no other result upon my reading of *Moran's* decisional rule which is: "[w]here a defendant [party] seeks a trial de novo after arbitration, the trial

---

[2] *Moran's* decisional "rule II" clearly results in the tolling of 69 days, (see *Moran, supra,* at p. 242; accord, *Ward* v. *Levin, supra,* at p. 1033) but it is my experience that once time runs its course, it defies recapture.

court should give the matter priority and assign it the earliest possible trial date. The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b)." (*Moran, supra,* at p. 242.)

I would reverse the judgment.

Appellants' petition for review by the Supreme Court was denied July 18, 1985.