[No. B011912. Second Dist., Div. Three. May 15, 1986.]

JOE HILL, Plaintiff and Respondent, v.
DUKE BINGHAM, JR., Defendant and Appellant.

4

**COUNSEL**

Todd & Siegel and John Sanford Todd for Defendant and Appellant.

Stump, Garner & Wright and James L. Wright for Plaintiff and Respondent.

**OPINION**

**KLEIN, P. J.**—Defendant and appellant Duke Bingham, Jr. (Bingham), appeals from a judgment in favor of plaintiff and respondent Joe Hill (Hill).

The trial court erred in granting Hill's motion for reconsideration because Hill's failure to act diligently to bring the action to trial within five years precludes him from benefiting from any exceptions which otherwise would have afforded relief from dismissal. Because the statutory period had run, the trial court was without jurisdiction thereafter to try the case. The judgment therefore is reversed.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 20, 1978, Hill filed a complaint against Bingham and one Chris Voyatzis (Voyatzis),[1] doing business as Chris' Horseshoe Bar. In his complaint, Hill sought damages for an alleged assault and battery committed by Bingham.

Bingham filed an answer on February 5, 1979, denying Hill's allegations and raising self-defense as an affirmative defense. During 1979 and 1980, all parties undertook routine discovery. An at-issue memorandum was filed June 2, 1982.

On October 7, 1982, Hill gave Bingham notice of a mandatory settlement conference set for January 25, 1983, and a trial date of February 17, 1983.

At the mandatory settlement conference, the matter was referred to judicial arbitration. The arbitration hearing was held February 17, 1983, and a $10,000 award was entered in Hill's favor on February 24, 1983. Bingham filed a request for trial de novo on March 3, 1983. At that time, about nine months and seventeen days remained before the five-year statute would run on December 20, 1983.

Hill filed a certificate of readiness on March 14, 1983, and an at-issue memorandum on June 20, 1983. On October 4, 1983, Hill gave Bingham notice of a second mandatory settlement conference scheduled for March 13, 1984, and a new trial date of April 4, 1984, both beyond the five-year mark.

On January 31, 1984, Bingham filed a motion to dismiss pursuant to then Code of Civil Procedure section 583, subdivision (b) for failure to bring the action to trial within the statutory period.[2,3] The motion was heard on February 28, 1984, and the action was dismissed March 5, 1984.

---

[1]Summary judgment was granted in favor of Voyatzis on April 18, 1981, and that judgment is not at issue here.

[2]All subsequent references are to the Code of Civil Procedure, unless otherwise indicated.

[3]Section 583, subdivision (b) was repealed effective January 1, 1985, but its pertinent substance is continued in new sections 583.310 and 583.360.

Hill filed a motion for reconsideration on April 6, 1984, which motion was granted May 14, 1984. In its minute order, the trial court indicated its decision was based on *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216]. After Bingham failed in an attempt to obtain relief by way of a writ of mandate, the case proceeded to trial and a judgment of $20,963.70 was entered in Hill's favor on January 8, 1985.

CONTENTS

Bingham contends: neither *Moran* nor the tolling provisions of section 1141.17, subdivision (b) were available to Hill, and the trial court abused its discretion in granting the motion for reconsideration; the judgment granted Hill is a nullity in that the trial court was without jurisdiction to try the case but could only dismiss the action pursuant to section 583, subdivision (b).

DISCUSSION

1. *Implied exceptions based on impossibility, impracticability or futility.*

The purpose of the five-year rule is to "'promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed . . . [and] to protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time.'" (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 237.)

"Implied exceptions to the rule have been recognized 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' [Citations.] The reasoning underlying these implied exceptions has been repeatedly noted. 'The purpose of the statute is . . . to prevent *avoidable* delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years. . . .'" (*Id.,* at pp. 237-238.)

"What is impossible, impracticable or futile must be determined in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] *The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.*" (*Id.,* at p. 238, italics added.)

In *Moran,* an arbitration award in plaintiff Riccardo's favor was filed with the superior court 41 days before the expiration of the five-year

period. Twenty-four days before the expiration of the five-year period, defendant Moran filed a request for a trial de novo. Upon receipt of a copy of Moran's request, Riccardo's attorneys contacted the superior court clerk's office by telephone, and requested the case be reset for trial and given the same position on the trial calendar it had prior to being referred to arbitration. The clerk's office assured the attorneys the matter would be reset within the five-year period. Follow-up calls by Riccardo's attorneys produced the same assurances. However, the clerk's office sent the case file to the basement for storage, and the five-year period elapsed. (*Id.*, at pp. 235-236.)

The *Moran* court held the trial court properly refused to dismiss Riccardo's action under section 583, subdivision (b) for two independent reasons. The *first* reason advanced was that Riccardo's conduct was sufficiently diligent to warrant application of the impossibility exception to excuse her failure to bring the case to trial within the five-year limit (*id.*, at p. 239). Prior to the case being ordered to arbitration, Riccardo "participated actively in an ongoing and thorough discovery process" (*ibid.*); she participated in the six-day arbitration hearing; when Moran demanded a trial de novo, she promptly contacted the master calendar clerk's office and requested the matter be reset for trial to comply with the five-year rule; follow-up calls were made during the week of the request to ensure the resetting process was in motion; the deadline passed *while Riccardo was waiting for the case to be reset for trial* (*ibid.*).

*State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650], decided prior to *Moran*, provides an illustration of a situation where a tolling because of impossibility, impracticability or futility is *not* warranted. In that case, a complaint was filed May 1, 1974; arbitration proceedings were concluded October 4, 1978. At the trial setting conference on January 22, 1979, plaintiffs' counsel neither made a motion to advance the case to trial under then California Rules of Court, rule 225[4] nor brought to the court's attention the approaching deadline, and permitted a trial date of May 14, 1979, to be assigned without objection, so that the action would not proceed to trial until five years and fourteen days after the filing of the complaint.

The court found there had been ample time, over six and one-half months prior to the expiration of the five-year period to have the case advanced, and cited *Vogelsang* v. *Owl Trucking Co.* (1974) 40 Cal.App.3d 1068 [115 Cal.Rptr. 666] and *Weeks* v. *Roberts* (1968) 68 Cal.2d 802 [69 Cal.Rptr.

---

[4]California Rules of Court, rule 225, was repealed, effective January 1, 1984. Its substance is continued in California Rules of Court, rule 375(b).

305, 442 P.2d 361], which held 46 days and 28 days, respectively, as sufficient times within which to provide a courtroom for a plaintiff seeking to avoid the application of the five-year rule. (*State of California* v. *Superior Court, supra,* 98 Cal.App.3d at p. 650.)

The court concluded "inadvertence in selecting a trial date does not constitute the type of impracticability, impossibility or futility which tolls the five-year statute, . . .: 'It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of [the] lawsuit, and to see that the action is brought to trial within the five-year period.'" (*Id.,* at pp. 649-650.)

2. *Moran's pronouncements on the trial court's sua sponte duty to recalendar.*

■ The *second* independent ground in *Moran* for allowing the case to be tried on the merits was based on section 1141.20.[5] The court reasoned "[s]ince the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial in 'the same place . . . it had prior to arbitration.'" (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 241.) A plaintiff is entitled to assume official duty would be performed. (*Ibid.*) Therefore, to comply with the statutory mandate and ensure that the plaintiff retains the benefit of the amount of time remaining in the five-year period when the case entered arbitration, the *Moran* court excluded from the computation of the five-year period the time between the date the arbitration award was filed and the date set for the new trial. (*Ibid.*)

The effect of the *Moran* holding was to render the five-year rule in such a fact situation meaningless, because the five-year period would be tolled until the new trial date, and therefore such a trial date would always be within the five-year period. ■ Section 1141.17,[6] as amended effective

---

[5]Section 1141.20 states: "(a) An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court. [¶] (b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts. *Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar.*" (Italics added.)

A 1984 amendment inserted subdivision designations (a) and (b); substituted in subdivision (a) "30 days" for "20 days"; and made nonsubstantive grammatical changes.

[6]Section 1141.17 states in pertinent part: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and

January 1, 1984, does not supersede this rule. Notwithstanding the Legislative Committee Comment—Assembly 1984 Amendment which states: "Section 1141.17 supersedes the rule stated in *Moran* . . ., that the time between the date the arbitration award is filed and the date set for the trial de novo is to be excluded from the calculation of the five-year dismissal period[,]" the *Moran* rule survives the amendment to the statute.

*Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512 [219 Cal.Rptr. 82], in considering this point, held that while "[s]uch effect may have been one of the Legislature's motives in amending section 1141.17; . . ., the effort fell short of accomplishing that goal. There is no ambiguity in the Supreme Court's holding in *Moran,* nor is there any ambiguity in sections 1141.17 and 1141.20 to which this Legislative Committee Comment would be relevant. We remain unpersuaded by this unsupported, passing comment which apparently attempts to vest section 1141.17 with a power it clearly lacks. [¶] We also recognize that *Moran* emasculates section 1141.17 as it permits all plaintiffs to avoid dismissal under the five-year statute whenever section 1141.20's request for de novo is timely filed. However, this inconsistency must be left for the Legislature to correct via remedial legislation." (*Id.,* at p. 518, fn. 6.)

The *Hughes* court reasoned, "the *Moran* rule is premised on section 1141.20, not section 1141.17. In 1984, after the Supreme Court's decision in *Moran,* the Legislature amended section 1141.20. The amendment did nothing to change the statutory language relied on by the *Moran* court in developing the *Moran* rule. [See fn. 5, *ante.*] Without subsequent statutory language to the contrary, the *Moran* rule remains valid. [¶] [Nor is there anything] in the amended version of section 1141.17 which invalidates the *Moran* rule. Section 1141.17, subdivision (b), as amended effective January 1, 1984, essentially provides that if judicial arbitration is pending at any time during the final six months of the five-year period, the plaintiff is allowed six months after a request for trial de novo to bring the case to trial. (§ 1141.17, subd. (b).) This section cannot be construed to override the provisions of section 1141.20." (*Hughes* v. *Southern Cal. Rapid Transit Dist., supra,* 173 Cal.App.3d at p. 517.)

---

ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

A 1983 amendment clarified that submission of an action to arbitration shall *not* suspend the running of the time periods specified in then section 583, with the only exception relating to the *five-year period* contained in what had previously been numbered section 583, subdivision (b).

The statute was amended again in 1984, effective January 1, 1985, to refer to the renumbered section 583.

3. *Hill does not qualify for any exception which affords relief from mandatory dismissal.*

a. *Section 1141.17.*

█ Preliminarily, section 1141.17, set forth *ante,* is unavailing to Hill. The action was *not* in arbitration at the four-year and six-month mark; as indicated, Bingham filed a request for trial de novo over nine months before the five-year period would run.

b. *Impossibility, impracticability or futility.*

█ Nor is the case within the impossibility, impracticability or futility exceptions to the five-year rule. *Moran* stressed the sine qua non of the exceptions is reasonable diligence by the plaintiff in prosecuting the case. (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 238.) As indicated, once defendant Moran requested a trial de novo, plaintiff Riccardo immediately notified the court the five-year limit was rapidly approaching, and the time ran while Riccardo awaited the trial court's performance of its duty in setting a trial date.

██ However, Hill, unlike Riccardo, failed to act diligently. After Bingham requested a trial de novo, Hill failed to indicate either on the certificate of readiness or on the at-issue memorandum that the matter had been previously submitted to arbitration, and that the five-year deadline was approaching. Hill thus did not comply with the plaintiff's duty "'to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [the statute].'" (*Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 222 [213 Cal.Rptr. 132].)

After neglecting to bring to the court's attention the approaching deadline, Hill again manifested a lack of diligence by acquiescing, as did the plaintiff in *State of California* v. *Superior Court, supra,* 98 Cal.App.3d at page 649, in a trial date set beyond the five-year mark.

Even though the court here did not set the new April 4, 1984, trial date until October 4, 1983, two and one-half months still remained until the five-year period would run on December 20, 1983. As recognized in *State of California* v. *Superior Court, supra,* at page 650, that was ample time to have the case advanced so as to comply with the five-year rule.

█ "[R]easonable diligence places on a plaintiff the affirmative duty to make every reasonable effort to bring a case to trial within five years, *even during the last month of its statutory life.* [Citation.] One means by which

this duty may be fulfilled is a motion to specially set the case for trial pursuant to rule 375(b) of the California Rules of Court.'' (*Kotoff* v. *Efseaff* (1985) 172 Cal.App.3d 991, 996 [218 Cal.Rptr. 499], italics added.)

"If the plaintiff could have acted to bring the case to trial on time and failed to do so, relief will not be given even if the plaintiff claims to have relied on the performance of an official duty. [Citation.] . . . [Where] the delay in going to trial was caused by [plaintiff's] own miscalculation rather than circumstances beyond [one's] control, the remedial provisions of the *Moran* line of cases are inapplicable . . . ." (*Cannon* v. *City of Novato, supra,* 167 Cal.App.3d at p. 222.)

Notwithstanding Hill's claim of reliance on the superior court's performance of its official duty, the time ran not while Hill waited for the court to act to set a date for trial de novo—rather, the time ran while Hill declined to act after being on notice that the court had set a trial date beyond the five-year mark. The delay in going to trial thus was not due to circumstances beyond Hill's control; during the last two and one-half months before the time ran, Hill could have cured the problem via a motion to advance.

c. *Sua sponte duty to recalendar does not absolve duty of due diligence.*

Nor can Hill fit his case within Moran's second, independent ground for permitting an action to proceed. Notwithstanding the trial court has a sua sponte duty to recalendar the matter in the same position it had prior to arbitration (*Moran* v. *Superior Court, supra,* 35 Cal.3d at p. 241) so that the time between the date the arbitration award is filed and the date set for trial de novo is excluded from the calculation of the five-year period (*id.,* at p. 242); such duty does not excuse the plaintiff from exercising due diligence under the circumstances.

In enunciating this rule, *Moran* did not intend to permit a plaintiff to abdicate a continuing responsibility for prosecuting the case merely because a timely request for trial de novo was filed. Absurdities would otherwise result. Hypothetically, in the event a request for trial de novo were filed and the superior court clerk were to misplace the request, with no action then being taken by the court for two years, or for 20, surely a plaintiff could not maintain the time was tolled for the entire period.

In coming to its holding, the *Moran* court recognized the superior court was notified by Riccardo of the time constraints she was under. (*Id.,* at p. 240.) We conclude it is implicit that for the sua sponte duty to arise, not only must there be a timely request for trial de novo, but also the plaintiff

must bring to the trial court's attention the time frame of the case. A contrary conclusion would completely shift responsibility for keeping track of all applicable dates and for moving cases forward from plaintiffs to an already overburdened court system.

Moran's sua sponte rule cannot be viewed in a vacuum. Its rationale is to protect plaintiffs during the period it is *impossible* for the plaintiff to cause the matter to be set for trial because official duty was not done. (*Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139 [199 Cal.Rptr. 295].)

Giving full credence to the import of *Moran,* a requirement of continuing diligence by the plaintiff is not inconsistent with its rationale. No reason in logic or law compels a ruling that holds merely because the trial court is under a sua sponte duty, the plaintiff is relieved of the requirement of diligence, of keeping track of crucial dates, of calling to the court's attention the chronology of the case, and of following up "after the passage of an amount of time sufficient to indicate to a reasonably knowledgeable attorney that official duty was *not* going to be performed and that the public official had obviously 'goofed.'" (*Karubian* v. *Security Pacific Nat. Bank, supra,* at p. 139.)

In *Karubian,* the superior court clerk misdirected a "notice of eligibility" to file a certificate of readiness. Plaintiffs contended the clerk's failure to perform a duty enjoined upon said clerk by the California Rules of Court made it impossible for them to timely bring the matter to trial. The *Karubian* court held "[p]laintiffs' ignorance of the status of the case, albeit the result of a misdirected notice by the clerk, cannot be equated with 'impossibility' or 'futility.'" (*Ibid.*) "[E]ven under circumstances where reliance on the performance of official duty is initially justified, there comes a time when plaintiff can no longer be considered to be 'diligent,' and entitled to claim impossibility, impracticability or futility in moving the case forward, without at least taking some action to call the matter to someone's attention." (*Ibid.*)

As set forth, Hill failed to call the court's attention to the chronology of the case, and acquiesced in a new trial date beyond the five-year mark, although sufficient time remained to advance the case to trial within the five-year mark. Hill cannot maintain the court's sua sponte duty to recalendar the matter tolls the running of the statute. It was ultimately Hill's manifest lack of diligence which prevented the case from being tried within five years, not impossibility due to nonperformance of some official duty.

## CONCLUSION

 Because no exceptions apply to take the case outside the five-year rule, the trial court erred in granting Hill's motion for reconsideration. Because Hill failed to bring the case to trial within five years, the trial court was without jurisdiction thereafter to try the case.

## DISPOSITION

The judgment is reversed. Bingham to receive costs on appeal.

Lui, J., and Arabian, J., concurred.