[No. B046311. Second Dist., Div. Three. Jan. 29, 1991.]

LORI LEMAY DRUMMOND, Plaintiff and Appellant, v.
FUMIE MURATA et al., Defendants and Respondents.

COUNSEL

Robert R. Hodges and Evan D. Marshall for Plaintiff and Appellant.

Gilbert, Kelly, Crowley & Jennett and Clifford H. Woosley for Defendants and Respondents.

OPINION

DANIELSON, J.—Lori Lemay Drummond (plaintiff) appeals from an order (judgment) of dismissal in favor of Fumie Murata (defendant) based on plaintiff's failure to bring the action to trial within five years.

We affirm the order.

FACTUAL AND PROCEDURAL STATEMENT

On February 14, 1984, the complaint for personal injury and property damages arising from a motor vehicle accident was filed. The complaint alleged that the underlying accident occurred on or about February 17, 1983.

On January 22, 1986, the answer was filed.

On October 25, 1988, an arbitration award was entered in favor of plaintiff and against defendant in the sum of $17,500 pursuant to Code of Civil Procedure section[1] 1141.10 et seq., which pertains to mandatory judicial arbitrations.

On November 18, 1988, plaintiff filed a timely demand for a trial de novo. (§ 1141.20.)

On January 9, 1989, the court set September 25, 1989, as the date for the trial de novo.

On September 13, 1989, defendant filed a motion to dismiss the action for failure to bring the matter to trial within five years as mandated under section 583.310.

On September 20, 1989, plaintiff filed opposition to the motion. In his supporting declaration plaintiff's attorney, Robert R. Hodges (Hodges), acknowledged that the normal expiration of the five-year period occurred on February 14, 1989. He asserted, however, that the five-year period did not in fact expire until November 21, 1989, and thus, the September 25,

---

[1] All further section references are to the Code of Civil Procedure unless otherwise specified.

1989, trial date complied with the five-year time frame for bringing the matter to trial.

He reasoned that the time for calculating the running of the five-year period was tolled for ninety-six days "(from August 14, 1988, the 4 1/2 year [period] from date of filing [the action] to November [18], 1988, the filing [date] of the [demand for] trial de novo)" pursuant to section 1141.17 and that plaintiff had six months " '*AFTER the end of the period of tolling*' [*sic*]" pursuant to section 583.350 to bring the matter to trial. He argued that "since the period tolled is 96 days, that period would run from November [18], 1988 (date of filing of [demand for] trial de novo) and would end on May 21, 1989, and six months *after* the tolled period would fall on *November 21, 1989.*"

Plaintiff opposed the motion on the further grounds of estoppel and waiver. In sum, she argued that defendant's failure to bring the motion to dismiss until 12 days before trial constituted a basis for finding waiver and estoppel regarding her claim that the 5-year period ran in February or May, 1989.

In her reply filed on September 22, 1989, defendant asserted that "[p]laintiff mistakenly argues that the statute may be interpreted as granting *two* tolling periods—the time from August 14, 1988 (the four and one-half year mark) to November 18, 1988 (96) days, *and* an *additional* 96 days (Nov. 18 to May 21). This is not the case. The remaining six months of the five-year limitation began on November 18, 1988 and ended on May 18, 1989. Thus, the 96-day period was tolled per statute, and added to the five-year time period. It cannot be calculated twice." Defendant further argued that plaintiff failed to carry her burden to meet the extended five-year period following the trial de novo request.

On September 25, 1989, Hodges submitted a supplemental declaration in which he stated that after failing to receive any notice of a new trial date he called the clerk's office "sometime between December 19-23, 1988." Hodges "was concerned, in that the case was approaching the original five-year statute from the date of filing. The purpose of [his] call to the clerk was to notify her of [his] concern with the original five year statute. [He] also mentioned to the clerk that [he] had not received a Notice of Trial Date. [He] was informed by the clerk that [he] would receive a Notice of Trial Date within the next two to three weeks, and that the case would be placed back on the active civil list in the same order that it had been prior to being ordered into Arbitration."

Following a hearing on September 25, the court granted the motion to dismiss pursuant to section 583.310.

The order (judgment) of dismissal was filed on November 1, 1989.

## ISSUES PRESENTED

The threshold issue is whether the trial date of September 25, 1989, was beyond the five-year period mandated under section 583.310 for bringing a matter to trial. The remaining issue is, if that date were beyond the five-year period, did plaintiff exercise the requisite due diligence to excuse her non-compliance with the five-year statute.

Based on our analysis, *post*, we conclude that September 25, 1989, was a date beyond the relevant five-year period. We further conclude that the trial court did not err in granting the motion to dismiss based on plaintiff's failure to exercise due diligence to bring the matter to trial within the requisite time frame.

## DISCUSSION

I. *The Five-year Period of Section 583.310 Was Not Tolled Until a Date Subsequent to September 25, 1989*

A. *The Six-month Extension of Section 583.350 Is Inapplicable to a Matter Submitted to Judicial Arbitration*

■ Plaintiff reasserts her position below that the September 25, 1989, trial date was timely for the reason that the five-year period for bringing the matter to trial did not expire until November 21, 1989. She predicates her argument on the application of both the tolling provision of section 1141.17[2] and the six-month extension provision of section 583.350.[3] We reject plaintiff's position as patently untenable.

The time frame for bringing a matter to trial is fixed by statute. "An action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) "An action shall be dismissed by the court . . . if the action is not brought to trial within the time prescribed in this article." (§ 583.360, subd. (a).) "The requirements of this

---

[2] Section 1141.17, subdivision (b), provides:

"If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

[3] Section 583.350 provides:

"If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).)

One such exception concerns the computation of the five-year period in an action which has been submitted to judicial arbitration. Subdivision (b) of section 1141.17 provides that "[i]f an action is or remains submitted to arbitration . . . more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310." As applied here, 96 days must be added to the original 5-year period, which lapsed on February 14, 1989, in calculating the limitation period of section 583.310. The five-year period in this case was thus extended to May 18, 1989.

A plain reading of subdivision (a) of section 1141.17 establishes that the above tolling provision of section 1141.17, subdivision (b), is the exclusive means to suspend the running of the five-year period of section 583.310 in an action submitted to judicial arbitration.

Subdivision (a) of section 1141.17 provides:

"Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, *except as provided in this section*." (Italics added.)

The six-month extension of the five-year period pursuant to section 583.350 is therefore inapplicable here. Accordingly, since the five-year period, as extended pursuant to subdivision (b) of section 1141.17, commenced on November 18, 1988, and expired on May 18, 1989, the trial date of September 25, 1989, was untimely.

B.  *The Tolling Rule of Moran v. Superior Court Has Been Superseded by Statute*

We also reject plaintiff's reliance on *Moran v. Superior Court* (1983) 35 Cal.3d 229, at pages 241-242 [197 Cal.Rptr. 546, 673 P.2d 216], for the proposition that the time between the date the arbitration award is filed and the date set for the trial de novo must be excluded from the calculation of the five-year period. That rule was superseded by the enactment of the tolling provision of section 1141.17, subdivision (b). (See, e.g., 17 Cal. Law Revision Com. Rep. (June 1984) p. 905; 18 Cal. Law Revision Com. Rep. (Mar. 1985) p. 52; *Dresser v. Bindi* (1990) 221 Cal.App.3d 1493, 1498-1500 [271 Cal.Rptr. 137].)

## II. *No Reasonable Diligence Was Shown by Plaintiff*

■ Plaintiff contends that she acted with reasonable diligence to move the case to trial within the mandatory five-year period, and thus it was error for the trial court to grant the motion to dismiss. In support she points to the supplemental declaration of Hodges in which he stated that he notified the clerk of the original statutory period and was told he would receive a notice of trial date within the next two or three weeks pursuant to section 1141.20.

We disagree that the facts set forth in Hodges's supplemental declaration amount to the requisite due diligence which would excuse plaintiff's failure to bring the matter to trial within the mandatory time period. Nothing in that declaration speaks to the plaintiff alerting the court as to any specific date on which the *extended* five-year period would run (see, e.g., *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 10-12 [225 Cal.Rptr. 905]; *Santa Monica Hospital Medical Center* v. *Superior Court* (1988) 203 Cal.App.3d 1026, 1032-1034 [250 Cal.Rptr. 384]), or to any action on the part of plaintiff to alert the court to the fact that September 25, 1989, the date for trial set forth in the January 9, 1989, notice of trial de novo, was a date beyond the governing five-year time frame. (See, e.g., *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 91-92 [235 Cal.Rptr. 243].)

### DECISION

The order (judgment) of dismissal is affirmed.

Klein, P. J., and Croskey, J., concurred.