[No. B078213. Second Dist., Div. Four. Mar. 6, 1996.]

DAE SUNG LEE et al., Plaintiffs and Appellants, v.
MOO YEOL PARK et al., Defendants and Respondents.

COUNSEL

Derek L. Tabone for Plaintiffs and Appellants.

Peter Beck for Defendants and Respondents.

OPINION

**EPSTEIN, Acting P. J.**—The appellants Dae Sung and Cindy Su Lee appeal from an order of dismissal for failure to diligently prosecute their case. (Code Civ. Proc., § 583.360, subd. (a).) We find no abuse of discretion and affirm the judgment.

### FACTUAL AND PROCEDURAL SUMMARY

Since the facts underlying this complaint do not bear on resolution of the issue on appeal, we discuss them only briefly as background. Appellants

purchased a grocery business in Bell Gardens, California, known as Jaboneria Market (the business) from respondents Moo Yeol and So Cha Park. Appellants entered into an escrow agreement with respondents on or about July 17, 1987, after which the sale of the business was completed. Appellants alleged the written escrow instructions conditioned the sale on there being no pending " 'citations, violations or disciplinary proceedings' " against the business and on four years remaining on the lease. The term of the lease was four years with a renewal option of five years.

In 1971, long before the purchase, the area where the business was located was rezoned as residential by the City of Bell Gardens and, pursuant to the new zoning code, all businesses had until January 27, 1991, to cease operating. Three and one-half years of this period remained by the date escrow opened.

Appellants' lawsuit was filed on December 24, 1987. They named as defendants respondents Moo Yeol Park, So Cha Park, Silver Star Realty Corporation (respondents' real estate broker) and Young Tae Beck (respondents' real estate agent). Appellants sued respondents Moo Yeol and So Cha Park for breach of contract, intentional concealment of material facts, and rescission. They alleged that respondents Moo Yeol and So Cha Park knew the grocery business was a nonconforming use under an existing zoning ordinance and that the existence of proper zoning was a material factor effecting appellants' decision to go forward with the deal. Appellants sued the real estate broker, Silver Star Realty Corporation, and respondents' agent, Young Tae Beck, for negligence based on the same transaction.

On February 5, 1988, respondents Moo Yeol and So Cha Park answered and cross-complained against Silver Star Corporation and Beck for declaratory relief, breach of fiduciary duty, and negligence. The same day Silver Star and Beck answered the complaint. On March 9, 1988, Silver Star and Beck answered the cross-complaint by respondents. The record does not include appellant's amended complaint which added the building owners, Howard and Josephine Der, as defendants but it does include their answer, filed on March 29, 1989. The Ders and appellants settled their litigation and, on June 14, 1991, the Ders were dismissed from the action.

On June 20, 1989, all parties having answered, appellants filed an at-issue memorandum. On November 1, 1991 the court ordered the case into judicial arbitration. According to appellant, four and one-half months were spent agreeing on an arbitrator.

The arbitration was held on July 27, 1992, more than four years after the original complaint was filed. The arbitrator found that the Parks, Silver Star

and Beck were liable but that appellants had failed to prove resulting damages. On August 7, 1992, appellants filed a timely request for a trial de novo. At a status conference on November 13, 1992, the judge set the case for trial on March 15, 1993. As we shall discuss, the trial date selected was beyond the five-year statutory period, even taking into account tolling under Code of Civil Procedure section 1141.17, subdivision (b). (All further statutory references are to that code.) With applicable tolling from the date of the status conference, the last day for trial was February 6, 1993, then about three months away. The appellants did not object to the trial date being set beyond the statutory period.

About two weeks after the statutory period had run—on February 19, 1993—respondents Moo Yeol Park, So Cha Park, Silver Star Realty Corporation and Young Tae Beck filed an application to shorten time for a hearing on their motion to dismiss for failure to bring the case to trial within five years. This motion to dismiss was heard and granted, and the trial date was vacated. The court dismissed the case and appellants appeal from the order of dismissal.

## Discussion

■ Section 583.310, a part of the diligent prosecution statute, provides that "[a]n action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360 states: "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." Section 1141.17 provides for limited tolling when a case is in arbitration during the last six months before section 583.360 runs. The time is tolled from the four-and-one-half-year point until the trial de novo request is filed. (§ 1141.17, subd. (b); *Howard* v. *Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 434 [41 Cal.Rptr.2d 362, 895 P.2d 469].)

The tolling period in this case began on June 24, 1992, a date four and one-half years from the filing of the complaint on December 24, 1987, and on which the case was in arbitration. It ended 45 days later, on August 7, 1992, when the request for trial de novo was filed. Adding 45 days to the 5-year period postponed the last day for trial from December 23, 1992, to February 6, 1993. Despite this, appellants did not object when the trial court set the trial for March 15, 1993, and they did not inform the court that the last day for trial within the statutory period as tolled was February 6, 1993. Appellants apparently became aware of the last day to bring the case to trial after respondents filed their motion to dismiss.

In opposing the motion to dismiss, appellants presented three arguments. The same arguments are urged on appeal. None has merit.

The first is that the time between the filing of the request for trial de novo and the trial date set by the court should be excluded because appellants' reasonable diligence created a sua sponte duty on the part of the court to calendar the trial within the statutory period. Appellants do not claim to have asked the court for a trial date within the period ending February 6, 1993. It was their obligation, as civil plaintiffs, to exercise reasonable diligence in calculating the mandatory dismissal date under section 583.310, and to request a trial date that is before the end of the statutory period. (*Dresser* v. *Bindi* (1990) 221 Cal.App.3d 1493, 1495 [271 Cal.Rptr. 137].) Where a civil plaintiff fails to calculate the deadline correctly, its duty of due diligence is not met. (*Id.* at p. 1495.) There is no legal basis for appellants' argument that the trial court had a sua sponte duty to compute the last day for trial and to set the case for trial before that date.

Appellants' second argument is that the arbitration award, which recited the date the case was filed, and the request for trial de novo, which also stated the date, constituted sufficient notice to the court of the relevant dates. This argument is a variation on the first. It must be answered the same way: it was the duty of appellants, rather than of the court, to keep track of critical dates. (*Howard* v. *Thrifty Drug & Discount Stores*, *supra*, 10 Cal.4th at p. 434.)

Appellants' final argument is that the time spent trying to find an arbitrator should toll the five-year statute. There are two problems with this argument. The first is that appellants received the benefit of tolling from the four-and-one-half-year point (June 24, 1992) until they filed a request for a trial de novo (August 7, 1992), a period that included most of the time spent getting the arbitrator since the arbitration was held on July 27, 1992. The second problem is that the tolling specified in the statute is the exclusive means to suspend the running of the five-year period in an action submitted to judicial arbitration. (*Drummond* v. *Murata* (1991) 227 Cal.App.3d 44, 45 [277 Cal.Rptr. 727].)

Appellants were not entitled to tolling beyond that awarded by the statute. It follows that the five-year period within which to bring a case to trial, tolled according to law, had run by the time the motion to dismiss was heard. The motion was properly granted.

## Disposition

The judgment (order of dismissal) is affirmed.

Hastings, J., and Rubin, J.,* concurred.

A petition for a rehearing was denied March 26, 1996, and appellants' petition for review by the Supreme Court was denied June 12, 1996.

---

*Judge of the Municipal Court for the Santa Monica Judicial District sitting under assignment by the Chairperson of the Judicial Council.